230 A.2d 858.

MILDRED J. STRINGFELLOW *of the Department of Public Welfare of the Town of North Kingstown vs.* ALFRED WHICHELO.

JUNE 29, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This complaint was brought by the director of public welfare of the town of North Kingstown in accordance with the provisions of G. L. 1956, §15-8-1. It alleges in substance that a certain " * * * woman residing and belonging * * * " in that town " * * * is pregnant with child which if born alive might be illegitimate * * *" and that the respondent " * * * is the father of such child * * *." The complaint was heard before a justice of the family court[1] sitting without a jury and, before the completion of the trial, resulted in a ruling by the trial justice defaulting the respondent, a person in military service, and

---

[1]Bastardy proceedings are now within the jurisdiction of the family court. G. L. 1956, §8-10-43, as amended.

ordering him to make certain payments pursuant to the provisions of G. L. 1956, §15-8-14, as amended. The jacket entry indicates that the default was entered on March 28, 1966.

The case is before us on respondent's single exception to the ruling of the trial justice[2] granting complainant's motion to default respondent and involves a determination of whether the provisions of the "Soldiers'·and Sailors' Civil Relief Act" of 1940, as amended, have been met.

The question is framed by the following facts. On January 19, 1965, the director of public welfare filed a request in the family court for a warrant against respondent as a result of a sworn statement by a seventeen-year-old girl stating that she was pregnant and expected a baby and that respondent, who was then eighteen years of age, was the putative father. It appears from the transcript that on January 25, 1965, respondent entered the armed forces of the United States and that on April 5, 1965, the instant complaint and warrant, which is dated January 29, 1965, was served on him. He was arraigned on April 5, 1965, at which time a guardian ad litem was appointed. The respondent pleaded not guilty and, in accordance with the provisions of §15-8-2, the case was continued for trial until the birth of the child. He was required to recognize with surety in the sum of $500 for his appearance at trial. The baby was born in August 1965.

The respondent was represented by counsel throughout these proceedings. The case was assigned for hearing to January 5, 1966. The respondent, who had procured a mili-

[2]There is a right of appeal by way of bill of exceptions (chap. 24 of title 9) from the final order of the family court. G. L. 1956, §14-1-52. In Rules of Practice and Orders of the Family Court, Rule No. 34, "the word 'judgment' in said [Soldiers' and Sailors' Civil Relief] Act is hereby construed to include any decision, decree or adjudication, whether final or not, which shall decide any claim or right presented to the Court for decision in any civil proceedings· of whatsoever nature."

tary leave for the purpose of appearing at the trial, was present during the first three days of the hearing, January 5, 6 and 12, 1966. He denied that he fathered the child. On January 12, by agreement of counsel, the hearing was continued to January 18, 1966. The respondent's counsel informed the court that respondent's leave would expire on January 17, 1966, but stated that he had no further need of his testimony. The complainant's counsel stated that he might need respondent's presence. The trial justice thereupon said: "Well, that's up to you gentlemen. * * * If you want him here, I will order him to be here * * *." However, there is nothing in the record to indicate that either counsel responded to the court's suggestion or that the trial justice ordered respondent to be present on January 18.

Sometime between January 12 and January 18, 1966, respondent returned to his military duty station in Virginia. He did not appear in court on January 18, 1966, nor on other days to which the trial was continued despite correspondence between respondent, his superior officer, his counsel and a probation officer. There is in evidence a telegram from his superior officer stating that respondent could not be present for such hearing "* * * due to the necessity that he be present for duty."

The complainant's counsel moved that the trial proceed without respondent's presence and stated that he would waive any further examination of respondent, but the latter's counsel requested that the case be continued to a date when respondent could be available. The trial justice indicated strong concern about proceeding with the trial in the absence of respondent and indicated equal concern in continuing the trial until he could be present. He continued the case from time to time, to afford respondent's counsel further opportunity to secure respondent's presence.

In the meantime complainant moved that respondent be

defaulted and that an order be entered ordering him to pay hospital and medical bills and support for the child. Finally, on March 28, 1966, after being informed that the probation officer and respondent's counsel had received no further reply from respondent or his superior officer, the trial justice granted complainant's motion and ruled that respondent was defaulted and that the bail be charged with the default.

In granting complainant's motion, the trial justice did not pass on the question of respondent's guilt or innocence. He stated frankly that the only question before him at that time was whether, in the circumstances, i.e., respondent's "* * * non-appearance after a hearing has been instituted and partially heard * * *" he had a right to default respondent. See G. L. 1956, §15-8-14, as amended.

The respondent contends that as a member of the armed forces he was entitled to a stay of these proceedings. We believe there is merit in this contention.

The pertinent section of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, reads as follows in 50 U.S.C.A. App. §521:

> "Stay of proceedings where military service affects conduct thereof —
> At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, *and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act * * * unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.*" (italics ours)

It may very well be that the finding that respondent had willfully and intentionally evaded the jurisdiction of the family court was a reasonable inference from the evidence,

but we do not reach that question here in view of the clear mandate of §521:

"At any state thereof any action or proceeding * * * shall * * * be stayed as provided in this Act * * * unless, in the opinion of the court, the ability of * * * the defendant to conduct his defense is not materially affected by reason of his military service."

It is clear that respondent was entitled to the requested stay in the absence of a finding by the trial justice that his ability to conduct his defense would not be materially affected by reason of his military service. See *Rauer's Law & Collection Co.* v. *Higgins,* 76 Cal. App.2d, 854, 859; 174 P.2d 450, 454. Such a finding is a condition precedent to the denial of an application for such relief. The trial justice made no finding on this issue. Indeed, he expressed strong feelings about the necessity of respondent's presence for his own protection until the trial was completed, and inferentially found that respondent's military service materially affected his ability to defend the case.

The respondent's exception is sustained, and the case is remitted to the family court for further proceedings.

*S. Everett Wilkins,* for complainant.

*William E. Parmenter, Jr.,* for respondent.