389 F.2d 645
 Bonita M. TABOR, a Minor, by Lewis H. Tabor and Betty W. Tabor, Her Parents and Natural Guardians and Lewis H. Tabor and Betty W. Tabor, Individually and as Husband and Wife, Appellants in 16743,
v.
Richard F. MILLER and John R. Stearns and Herbert Boardman LORD, Jr. (3d-Pty. Pltf.), John R. Stearns, Appellant in 16742.
 No. 16742.
 No. 16743.
 United States Court of Appeals Third Circuit.
 Argued January 8, 1968.
 Decided January 25, 1968.
 
 Murray C. Goldman, Philadelphia, Pa., for John R. Stearns.
 Gordon W. Gerber, Dechert, Price & Rhoads, Philadelphia, Pa. (Read Rocap, Jr., Rocap & Rocap, Media, Pa., on the brief), for Bonita M. Tabor, Betty W. Tabor and Lewis H. Tabor.
 H. Wallace Roberts, Krusen, Evans & Byrne, Philadelphia, Pa., for Richard F. Miller.
 Ronald H. Sherr, Detweiler, Sherr, Huhn & Hughes, Philadelphia, Pa., for Herbert Boardman Lord, Jr.
 Before McLAUGHLIN, FREEDMAN and SEITZ, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 Plaintiffs' automobile was the first and defendant Stearns' was the third in line in a four car chain reaction automobile collision. The drivers of the second and fourth automobiles also were named as defendants, but the jury awarded verdicts against defendant Stearns only. Stearns appeals from the judgments entered against him in favor of the plaintiffs.
 
 
 2
 At the time of the accident, on June 9, 1961, appellant was on active duty in the United States Air Force. This status has continued to the present time. After the action had been placed on the trial list, appellant's counsel applied on November 23, 1966 for an indefinite postponement of the trial on the ground that appellant, who was then stationed in Selma, Alabama, was unavailable for trial because of his military service. The calendar judge denied the application and set January 9, 1967 as the trial date, subject to further order on application to the calendar judge at a later time. On December 8, 1966 appellant's counsel again applied for a postponement, this time until the fall of 1967. In support of the application he produced a letter from appellant stating that his commanding officer had informed him that it would be "highly desirable" for him to complete without interruption his current pilot training which would continue until July of 1967, and that he would be in Philadelphia for Christmas leave between December 23 and 28, 1966. The court denied the request and ordered that appellant's trial deposition be taken during his Christmas leave. He had already been examined in a pretrial oral deposition taken by his counsel in 1963. At the commencement of the trial on January 12, 1967 appellant's counsel again requested a continuance, which was denied.
 
 
 3
 If appellant had been unable to appear because he was on active duty in the armed forces he would have been entitled to a stay of the action under the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C. App. § 521, "unless, in the opinion of the court, the ability of * * * the defendant to conduct his defense is not materially affected by reason of his military service." The court had discretion to determine, from all the circumstances of the case, whether a continuance was justified. Boone v. Lightner, 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587 (1943). In the present case appellant never stated that it would be impossible for him to appear at trial to testify and concededly his presence was important principally for that purpose. Appellant testified on deposition only two weeks before the trial, and the only prejudice he might have suffered resulted from his failure to appear before the jury in person. Neither he nor his counsel suggested that the trial be held during his Christmas leave, or that the court schedule a weekend session to accommodate his testimony. Indeed, appellant's letter, written after the trial date was set, did not state that it would be impossible for him to appear, but concluded with the statement that it was "more important" for him to complete his training uninterrupted than to appear at trial. In view of these circumstances, as well as the fact that more than five years had elapsed from the time of the accident at the time appellant made his initial request for a postponement, we conclude that the district court acted within the bounds of its discretion in denying postponement.
 
 
 4
 Appellant excepted to the court's instruction that the jury should consider the life expectancy of plaintiff Betty Tabor in computing damages for future pain and suffering, if it found that she would experience permanent discomfort as a result of the accident. He claims that the instruction was erroneous because of the absence of any evidence, such as mortality tables or expert opinion, regarding life expectancy. While mortality tables and technical data are admissible in Pennsylvania on the issue of life expectancy, they are not required. McCaffrey v. Schwartz, 285 Pa. 561, 132 A. 810 (1926). Indeed, in the McCaffrey case the Pennsylvania Supreme Court said:
 
 
 5
 "* * * [I]n none of our decisions have we said that such [mortality] tables are necessary to either plaintiff's or defendant's case. We have merely said they are relevant proofs and admissible when offered.
 
 
 6
 "* * * Where, under the facts of a particular case, the admission of the tables would tend to do more harm than good (if, for instance, the plaintiff did not enjoy normally good health before the accident, * * *) the trial judge, in the exercise of a sound discretion, may bar them, just as he may refuse any other evidence which will tend to confuse or mislead the jury." 285 Pa. at 575-576, 132 A. at 815.[1]
 
 
 7
 Here, instead of generalized evidence of average life expectancy the jury had before it plaintiff's medical history, which included open heart surgery, gynecological problems, and kidney disease, all of which shed light on her life expectancy. Enough evidence was introduced concerning the present and past state of plaintiff's health to allow the jury to act on this necessarily speculative question.
 
 
 8
 Appellant also argues that the court in its charge submitted to the jury the possible aggravation of plaintiff Betty Tabor's pre-existing conditions, although there was no evidence to justify it. The challenged instruction was directed principally to the familiar doctrine that the tortfeasor takes his victim as he finds him, and is liable for the full extent of the damage he has inflicted, even if it is greater than he could have foreseen because the plaintiff was particularly susceptible to injury.[2] A passing reference in the instruction to "an already existing condition which was aggravated by the tortfeasor's misconduct", if otherwise confusing or erroneous, was corrected by the affirmance of appellant's second point for charge, which explicitly removed any consideration of aggravation of emotional condition from the case, and emphasized that a tortfeasor is liable only for those injuries which he has actually caused. This last point was reiterated by the court at the very end of its charge, and removed whatever doubts may have remained on the subject. Moreover, appellant had objected only generally to the instruction containing the reference to aggravation, and thus failed to call to the court's attention that his objection went to a single clause in an otherwise unquestionably correct instruction.
 
 
 9
 Finally, appellant asserts that the verdict of $22,000 in favor of plaintiff Betty Tabor was excessive. There was credible expert testimony that she suffered from serious irremediable discomfort and loss of mobility of her neck, and that she would be required to wear a neck brace indefinitely as a result of the accident. In the light of this evidence, and despite plaintiff's modest medical expenses, we cannot conclude that the verdict, approved by the trial court, was so excessive that we should interfere to correct it.
 
 
 10
 Plaintiffs have taken a protective appeal (No. 16743) from the denial of their motion for a new trial against all defendants conditional on the reversal of the judgments of the court below. Because of our affirmance of the judgments, we sustain the denial of the motion.
 
 
 11
 The judgments will be affirmed in both appeals.
 
 
 
 Notes:
 
 
 [1]
 McCaffrey was overruled in Brodie v. Philadelphia Transportation Co., 415 Pa. 296, 203 A.2d 657 (1964), regarding the introduction of tables showing the reduction of future damages to their present worth, but the Brodie case has not impaired the authority of McCaffrey on the subject here discussed
 
 
 [2]
 Alexander v. Knight, 197 Pa.Super. 79, 177 A.2d 142, aff'g on opinion below 25 Pa.Dist. & Co.R.2d 649 (C.P.Phila.1962); Prosser on Torts (3d ed. 1964), § 50, at pp. 300-01. See Pavorsky v. Engels, 410 Pa. 100, 102-103, 188 A.2d 731, 733 (1963)