236 So.2d 755 (1970)
Rayford MATHIS
v.
Mrs. Bobbie Jean Narramore MATHIS.
No. 45835.
Supreme Court of Mississippi.
June 1, 1970.
John S. Throop, Jr., Water Valley, for appellant.
William R. Lamb, Oxford, for appellee.
GILLESPIE, Presiding Justice.
Rayford Mathis (hereinafter appellant) appeals to this Court from a decree of the Chancery Court of Yalobusha County in which he was adjudged to be the father of a child born of appellee, Mrs. Bobbie Jean Mathis. We reverse.
The principal issue before this Court involves a determination of whether the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended (hereinafter the Relief Act), have been met. In this light, the question is framed by the following facts. On March 25, 1967, a bill of complaint was filed by appellee who sought an order of filiation of and financial support for a child conceived when the parties were husband and wife and whose birth was anticipated in June of that year. By agreement of the parties, a continuance until the child was born was granted in April 1967. Appellee gave birth to Theresa Renee Mathis on June 13, 1967. By agreements of the parties, additional continuances were granted in October 1967, November 1967 and April 1968. On August 12, 1968, appellee entered a motion requesting the cause to be set for hearing; the chancellor scheduled the hearing for October 3, 1968. At the hearing, the appellant, who was engaged in a career in the United States Navy, was not present because two days earlier he had been ordered to return to the ship on which he was stationed and which was docked in *756 California. A motion, entered in appellant's behalf without the agreement of appellee, for a continuance until such time as he could appear to testify and assist in his defense was denied. The proceedings transpired in his absence. On October 31, 1968, the chancellor continued final disposition of the cause until April 28, 1969, in order to provide time to enable appellant to offer testimony and evidence in his defense. On April 28, 1969, the parties filed separate motions in which appellee sought a final decree of filiation and child support while appellant, through counsel, requested a continuance on the grounds that he had been actively serving in the Navy in the waters off Vietnam since the October 1, 1968 order to return to California and that the ship upon which he was stationed was homeported in Japan until its scheduled return to the United States in the latter part of 1970. Appellant therein asserted that his testimony was essential to show physical non-access to appellee and he invoked the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A. App., § 521 (1940), which in part reads:
At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service, or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed * * *, unless, in the opinion of the court, the ability of the plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.
A final decree was entered on May 1, 1969, in which appellant was adjudged to be the father of Theresa Renee Mathis and was ordered to provide monthly financial assistance for the support, maintenance and education of the child until she attains the age of sixteen years.
Appellee did not request the trial court to grant a hearing on her complaint until August 1968, when upon her motion the chancellor scheduled the hearing for October 3, 1968. The proof is uncontradicted that two days prior to the hearing day appellant was ordered to return to the ship upon which he was stationed in California. An April 6, 1969 letter from the legal officer aboard the USS Oklahoma City was placed into evidence; it presents the contention of appellant that he was entitled to a stay in the proceedings pursuant to the Relief Act on the grounds that his overseas military duty materially affected his ability to conduct a proper defense.
Under the applicable portions of the Relief Act, a person in military service who is the defendant in a civil suit is entitled upon application to a stay in the proceedings unless, in the opinion of the court, his ability to conduct his defense is not materially affected by reason of his military service. In the paternity case of Stringfellow v. Whichelo, 102 R.I. 426, 230 A.2d 858 (1967), it was pronounced, in remitting the case for further proceedings, that:
It is clear that respondent was entitled to the requested stay in the absence of a finding by the trial justice that his ability to conduct his defense would not be materially affected by reason of his military service. See Rauer's Law & Collection Co. v. Higgins, 76 Cal. App.2d 854, 859, 174 P.2d 450, 454. Such a finding is a condition precedent to the denial of an application for such relief. The trial justice made no finding on this issue. * * * (230 A.2d at 860).
In the case at bar, there was no finding by the chancellor that appellant's ability to conduct his defense was not materially affected by reason of his military service. Without holding that such a finding is required in every case, we are of the opinion that a paternity suit is of such a personal and intimate nature that it is implicit that appellant's absence materially affects *757 his defense unless a specific finding is made to the contrary.
This Court is reluctant to reverse the chancellor in this case, but we are of the opinion that due to his overseas military service, appellant should be provided an opportunity to present his defense. However, should the trial court determine within its discretion that appellant fails to appear at the first reasonable opportunity to do so after the rendition of this opinion, then the chancellor may finally dispose of the case.
Reversed and remanded.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.