481 P.2d 553

Bobby NORRIS, Robbie Norris, and Belinda Norris, Petitioners,

v.

The SUPERIOR COURT OF MOHAVE COUNTY and the Honorable Frank X. Gordon, Jr., Respondent,

Clarence HORNER, John C. Horner and Erma H. Horner, husband and wife, Real Parties in Interest.

No. I CA–CIV 1605.

Court of Appeals of Arizona, Division 1, Department A.

March 3, 1971.

Rehearing Denied April 1, 1971.

Review Denied May 4, 1971.

Russo, Cox & Dickerson, P. C. by Vernon Dickerson, Tucson, for petitioners.

Favour & Quail, P. A. by John B. Schuyler, Jr., Prescott, for real parties in interest.

CASE, Judge.

In this special action petitioners, plaintiffs in the Superior Court, seek to reverse a ruling by the respondent trial judge denying plaintiffs' motion for a continuance and also ordering one of the plaintiffs to submit to a physical examination. The facts giving rise to this action are as follows:

On December 1, 1968, plaintiff Bobby Norris was the driver of an automobile in which Robbie Norris, his wife and Belinda Norris, his daughter, were passengers. The Norris' were involved in an automo-

bile accident on that date with the defendant Clarence Horner. As a result of that accident plaintiffs filed a complaint in the Pima County Superior Court. This action was later transferred to Mohave County Superior Court on February 17, 1969. April 8, 1969, plaintiffs filed their certificate of readiness. Plaintiffs proposed pre-trial memorandum was filed June 29, 1969, requesting a trial date during the last week of October of that year. On July 7, 1969, the court set the day of trial for December 4, 1969. On July 11, 1969, plaintiffs' counsel noticed the taking of plaintiff Bobby Norris' deposition for July 17, 1969. At the time of the taking of his deposition plaintiff Bobbie Norris stated that he was leaving that afternoon for duty in Germany, pursuant to orders from the United States Air Force, and that his family was accompanying him. He stated that he would likely not return to the United States until August of 1973.

On November 21, 1969, the court continued the December 4th trial date until the 11th day of March, 1970, due to a conflict with the court's calendar. On the 26th day of November, 1969, the trial date was vacated and the matter reset for trial on April 23, 1970, at the request of defendants. Thereafter, on plaintiffs' motion, based upon the then hospitalization of one of plaintiffs' witnesses, the court granted another continuance and set the matter for trial on September 9, 1970. On August 11, 1970, the court on its own motion continued the matter until January 27, 1971. Thereafter and on September 4, 1970, by stipulation of counsel, the trial was continued until February 17, 1971.

December 9, 1970, counsel for plaintiffs filed a motion requesting a stay pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.App. § 521. The affidavit of plaintiff Bobby Norris attached to the motion, stated that he would not return from Europe until December 15, 1972. This affidavit further stated:

"Since leaving Arizona, his wife, Robbie Norris, has undergone considerable pain and suffering and has received attention from the doctors in Europe."

Plaintiffs' attorney's affidavit stated that the presence of both Bobby and Robbie Norris was imperative if the matter were to be tried and requested that the court again continue the trial date. On December 18th, defendant's counsel filed a memorandum objecting to the continuance and in addition a motion asking that the court order Robbie to submit to a medical examination. These motions were heard on January 12, 1971, at which time the court denied plaintiffs' motion for a stay and granted defendants' motion for a physical examination. The plaintiffs, as the petitioners, then filed the above entitled special action in this Court. The informal hearing was held on February 5, 1971, and taken under advisement for the purpose of determining whether this Court should assume jurisdiction. In order to preserve the status quo this Court entered an order on the same date which provided, in part:

"IT IS ORDERED vacating the current Superior Court trial setting and the Superior Court action shall not be reset for trial pending further order of this Court."

The pertinent provision of the Soldiers' and Sailors' Civil Relief Act reads as follows:

"§ 521: Stay of proceedings where military service affects conduct thereof

At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

Inasmuch as this is an Act of Congress, the State courts are guided by the decisions of the Federal Courts and their interpretation thereof. Selmer v. Oertwig, 234 Iowa 233, 12 N.W.2d 265 (1943); Gates v. Gates, 197 Ga. 11, 28 S.E.2d 108 (1943); Cadieux v. Cadieux, 75 So.2d 700 (Fla. 1954).

The Supreme Court in the case of Boone v. Lightner, 319 U.S. 561, 565, 63 S.Ct. 1223, 1226, 87 L.Ed. 1587 (1943), holds in part:

> "The Act cannot be construed to require continuance on mere showing that the defendant was in Washington in the military service. Canons of statutory construction admonish us that we should not needlessly render as meaningless the language which, after authorizing stays, says 'unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.'"

 This case, together with numerous other decisions, points up that the Act provides that the court exercise it's discretion in granting a continuance. It is not mandatory that such continuance be granted simply because a plaintiff or defendant is in the military service. Tabor v. Miller, 389 F.2d 645 (3rd Cir. 1968), cert. denied, Stearns v. Tabor, 319 U.S. 915, 88 S.Ct. 1810, 20 L.Ed.2d 654 (1968), aff'g 269 F. Supp. 647 (E.D.Pa.1967), sets forth that the movant, in order to invoke the protection of the Act, must make a showing of his actual unavailability and that his rights would be adversely affected because of his absence from the trial. The affidavit of Bobby Norris does not indicate that he would actually be unavailable for trial, nor does it indicate that he has requested leave or that it is not possible for him to obtain leave, nor does it state that his rights would be impaired if the matter were tried in his absence.

It is interesting to note that although plaintiffs knew in July 1969 they were going overseas, they delayed seeking the now requested relief.

Because of the foregoing, we find that the respondent trial judge did not abuse his discretion in denying a continuance. We feel that with respect to future discovery undertaken by defendants, including the physical examination of Robbie Norris, that ample time should be given to the plaintiffs to comply with any orders of the court.

The issuance of the mandate in this matter will constitute an order vacating the restraint contained in our above-quoted order of February 5, 1971, and will constitute a further order denying the relief sought by the special action.

STEVENS, P. J., and DONOFRIO, J., concur.