505 P.2d 566

**Phillip Jerome LA MAR, Appellant,**

v.

**Kime Kim LA MAR, Appellee.**

**No. 2 CA–CIV 1252.**

Court of Appeals of Arizona,
Division 2.

Feb. 1, 1973.

Rehearing Denied March 6, 1973.

William F. Olson, Bisbee, for appellant.

James B. Greenwood, Bisbee, for appellee.

KRUCKER, Judge.

The sole question presented in this appeal is whether the trial court abused its discretion in refusing to vacate a default divorce judgment.

Briefly, the facts are as follows. Appellee filed suit for divorce from appellant on July 20, 1970. Eight days later appellant was served in West Germany where he was serving with the United States Army. By letter dated August 24, 1970, appellant communicated with appellee's counsel, acknowledging receipt of the summons and

complaint. He pointed out that he was currently stationed in Europe and would return to the United States in April, 1972. The letter stated:

"I am protected against a default judgment by section 200 of the Soldiers and Sailor's Civil Relief Act. Further I am entitled to a stay of this proceeding until I am able to return home and properly defend myself under Section 203 of the same act.

The complaint by my wife is unfair and I intend to contest it by every means available to me."

By letter dated September 1, 1970, appellee's counsel wrote to appellant acknowledging receipt of the August 24th letter. He advised appellant that he had filed the postal return receipt evidencing the fact that appellant had received copies of the summons and complaint and that filing of the receipt "starts the running of the sixty (60) day period allowed by law during which you may file a response to or other pleading in connection with your wife's complaint." He also advised appellant that his "claimed entitlements" under the Civil Relief Act were not his concern until "such time as they are properly put in issue." The letter further pointed out that such "entitlements" would be fully resisted because of appellant's refusal to support his wife or assist her in meeting community obligations. The closing paragraph of the letter stated:

"You have sixty (60) days from this date in which to seek appropriate relief from the Court."

No responsive pleading was filed by appellant and the matter was set for trial on January 4, 1971. The minute entry of the hearing recites that plaintiff was present in person and with counsel and that the defendant was not present either in person or by counsel and:

"The Defendant being in the Service and stationed in Germany,

IT IS ORDERED THAT Mr. Dushan S. Vlahovich is appointed to represent the Serviceman as counsel in this matter,

the Defendant having signed a waiver to appear under the Soldiers and Sailors Act."

The minute entry reflects that appellee presented oral and documentary evidence and that the appellant's default was filed in open court and the clerk was directed to enter same. The documentary evidence consisted of the aforementioned correspondence between appellant and appellee's counsel and correspondence between appellant and an individual named Sam concerning delinquent payments on a mobile home lot. Appellant's reply letter to Sam, dated October 14, 1970, stated that it was his understanding that his wife was paying for the lot. He also stated:

"Sam, get ahold of her and make her pay. She deserted me and I am going to file divorce as soon as I can get back to the states. Now right at the present time I cannot send any money. . . . Please let me know what you come up with. I can't really do anything until I get back to the states and the only other way is if this business turns into an emergency situation.

Make her pay."

On October 14, 1971, a document entitled "Petition for Vacation of Judgment" was filed in superior court, signed by appellant. This document stated that application had been made on or about February 18, 1971 to set aside the default judgment and:

". . . that such written application made it clear that Defendant was prejudiced by reason of his military service and that Defendant has a legal defense to the said divorce action; that, nevertheless, insofar as Petitioner knows, this Court has not set aside or vacated the Judgment."

On November 8, 1971, a document dated October 19, 1971 was filed requesting substitution of counsel for appellant and an order substituting counsel. Thereafter, on December 7, 1971, appellant's counsel filed a motion to vacate the default judgment together with appellant's affidavit, a copy of his August 24, 1970 letter to appellee's

**130**

counsel, and a letter dated February 18, 1971 addressed to the clerk of the court concerning the default judgment. Appellant's affidavit recited *inter alia:*

"That the defendant was prejudiced in a substantial and material way by reason of his military service in making his defense at the trial of January 18, 1971, he not having been given notice of the date of trial setting, and he being thousands of miles distant in the Country of Germany in the military service.

That your defendant has a meritorious or legal defense to all or part of the said action."

A hearing on the motion to vacate was held on December 27, 1971, and the motion was denied.

Appellant contends that the trial court abused its discretion in not granting him relief pursuant to Section 520 of the Soldiers' and Sailors' Civil Relief Act of 1940, which provides in pertinent part:

"Section 520. Default judgments; affidavits; bonds; attorneys for persons in service.

\*　\*　\*　\*　\*　\*

(4) If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof. . . . "

 He argues that the provisions of the Soldiers' and Sailors' Civil Relief Act are to be liberally construed, although he concedes that the trial court has a wide measure of discretion in determining whether the relief sought should be granted. *See,* Annot. 54 A.L.R.2d 390 § 2 and cases cited therein. Division One of this court has recently recognized the discretion vested in the trial court as to a stay of proceedings when a party-litigant is in the military service. *See,* Norris v. Superior Court of Mohave County, 14 Ariz.App. 183, 481 P.2d 553 (1971).

 We find no abuse of discretion in the lower court's refusal to grant relief to appellant. Although the court gave no reason for its denial, it apparently concluded that appellant either had not been prejudiced by reason of his military service in making his defense and/or that he had not demonstrated a meritorious or legal defense to the action. We believe the court was correct for either reason.

The record reflects that appellant was fully informed of the pendency of the action and took no steps to protect any rights he might have cared to assert. He made no attempt to stay the proceedings—certainly a letter addressed to the court, at the very least, would have indicated he wanted the opportunity to defend. Although none appears in the record, the clerk's minutes of the trial to which verity is imported, makes reference to a signed waiver of appearance. The appellant's correspondence reflects lack of ignorance on his part and therefore it cannot be said that he was unaware of his right to apply for a stay.

We believe the following statement in Burgess v. Burgess, Sup., 234 N.Y.S.2d 87 (1962) wherein the court found that the defendant was not "prejudiced by reason of his military service", is apropos:

"The apparent purpose of the Federal Act and of section 303 was to protect persons in military service from having default judgments entered against them without their knowledge. [Citation omitted] Section 303 was not intended to prevent a judgment by default against a person in the military service where such person was fully informed of the pendency of the action and had adequate

time and opportunity to appear and defend, or otherwise protect his rights, if any. [Citations omitted]" 234 N.Y.S.2d at 89.

 Appellant's motion to vacate was also deficient as to the requirement of showing the existence of a meritorious defense. While he states in his affidavit that he has such defense, he fails to set out what that defense is. This does not suffice to meet the statutory requirements. The statute says that it *must be made to appear* that he has a meritorious or legal defense. The motion to vacate must not only declare that the movant has a good and meritorious defense to the action but must set out what it is. 6 C.J.S. Army and Navy § 37(5).

For the foregoing reasons, the order is affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.