■ WALTER PUGNI, Appellant, v. SUSAN PUGNI, Respondent.— In an action for divorce, plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County, entered January 18, 1973, as awards defendant (1) the sum of $840 for the private schooling of the infant issue of the parties and (2) the sum of $1,500 as counsel fees. Judgment modified, on the law and the facts and in the interests of justice, by reducing the award for private schooling from $840 to $500 and by reducing the counsel fee award from $1,500 to $1,000. As so modified, judgment affirmed insofar as appealed from, without costs. In our opinion, the awards for the private schooling of the infant issue of the marriage and for counsel fees were excessive to the extent indicated. Hopkins, Acting P. J., Munder, Latham, Christ and Benjamin, JJ., concur.

■ THEODORE RICHICHI, Respondent, v. KENNETH GRILLO et al., Appellants.— In a negligence action to recover damages for personal injuries sustained by respondent on August 31, 1966, defendants appeal from an order of the Nassau County Supreme Court, entered March 26, 1973, which granted plaintiff's motion to remove the action from the Military Suspense Calendar, and restore it to the Ready Day Calendar. Two prior motions for similar relief had been denied in 1971. In our opinion, the order sought to be reviewed is not appealable as of right. However, to reach the merits of the appeal, leave to appeal is granted nunc pro tunc. Order modified, on the law and the facts, by deleting therefrom the words "11th day of June, 1973" in the final decretal paragraph, and substituting therefor the words "the 8th day of October, 1973". As so modified, order affirmed, with $20 costs and disbursements. On the merits, we find that there was no abuse of discretion by Special Term in vacating the stay of the trial because the one defendant with personal knowledge of the facts surrounding the accident was serving in the United States Navy, and stationed in Naples, Italy. There was no showing that he could not secure leave to attend the trial or adduce his proof by deposition (Boone v. Lightner, 319 U. S. 561; Tabor v. Miller, 389 F. 2d 645). Hopkins, Acting P. J., Munder, Latham, Christ and Benjamin, JJ., concur.