**Debra R. PALO, Plaintiff and Appellee,**

v.

**Bruce C. PALO, Defendant and Appellant.**

**No. 12907.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 26, 1980.

Decided Dec. 17, 1980.

Thomas M. Frankman of Willy, Pruitt, Matthews, Farrell, Frankman & Johnson, Sioux Falls, for plaintiff and appellee.

Steve Jorgensen, Sioux Falls, for defendant and appellant.

MORGAN, Justice.

The trial court granted appellee a divorce from appellant and divided the parties' property. Appellant appeals from the trial court's denial of his motion for a continuance of the trial date under the Soldiers' and Sailors' Civil Relief Act (Act). We affirm.

Both parties were, at all times material herein, members of the military service. Appellee commenced an action for divorce while both parties were in Sioux Falls, South Dakota. Appellant answered, but before the sixty–day cooling off period * had lapsed, both parties were transferred to Germany.

* See SDCL 25-4-34.

On July 20, 1979, appellant's lawyer received a copy of an order setting the trial date for August 14, 1979. The following Monday, July 23, 1979, appellant's lawyer sent appellee's lawyer a letter saying that appellant could take advantage of the Act. Appellant's lawyer waited, however, until July 27, 1979, to write to appellant to advise him of the trial date.

Appellee received notice of the trial date and she immediately made arrangements to travel to the United States for the trial. She had no leave time accrued and no money for the flight, so she made arrangements to borrow from future leave time and from the military bank. By August 2, 1979, appellant had received notice of the exact trial date. He responded by letter to his attorney, setting out his reasons for wanting to take advantage of the Act. His reasons were as follows:

1) He lacked the money necessary to fly to Sioux Falls from Germany.

2) He wanted "to get back with her so a settlement [could] be agreed upon[.]"

3) He had no accrued leave time and did not want to borrow from future leave time.

Just prior to commencement of the trial on August 14, 1979, appellant's lawyer moved that appellant be allowed to take advantage of the Act. Appellant's letter stating why he would not be present at the trial was incorporated in an affidavit by his counsel in support of the motion. After hearing counsels' arguments on the matter, and after hearing testimony by appellee as to how she was able to be present although also stationed in Germany without sufficient money or leave time available to be present at the trial, the trial court determined that appellant should not be allowed to take advantage of the Act since it was not appellant's inability to be present at the trial that precluded him from being present, but rather that it was his unwillingness to be present. The trial court then proceeded with the trial.

At the close of the trial, the trial court granted appellee a divorce from appellant and divided the property. Appellant appeals from the trial court's determination that he could not take advantage of the Act.

The Act, 50 U.S.C.A. App. § 521 (1968), reads:

At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act ... unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.

In *Boone v. Lightner*, 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587 (1943), the United States Supreme Court construed the Act. The Court made the following conclusions:

1) a) The Act itself cannot be construed so as to require a continuance on a mere showing that the defendant is in the military service.

   b) The trial court is vested with judicial discretion by the clause "unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defenses is not materially affected by reason of his military service."

2) The Act makes no express provision as to who must carry the burden of showing that a party will or will not be prejudiced, and the Court refrained from setting a rigid burden of proof.

In *State v. Wilson*, 234 Minn. 570, 572, 48 N.W.2d 513, 514–515 (1951), the Supreme Court of Minnesota stated:

While the act does not arbitrarily stay all trials, it should be liberally construed so as to protect the civil rights of those serving in our armed forces during the tenure of their service.... [The trial court's] discretion, however, is one that should be exercised cautiously, with the object in mind of giving effect to the obvious purpose of the act, which is to protect the civil rights of a person who, on account of his service in the armed forces, cannot be present at a trial or proceeding.

In *Norris v. Superior Court of Mohave County*, 14 Ariz.App. 183, 185, 481 P.2d 553, 555 (1971), the court said:

This case, together with numerous other decisions, points up that the Act provides that the court exercise it's [sic] discretion in granting a continuance. It is not mandatory that such continuance be granted simply because a plaintiff or defendant is in the military service. *Tabor v. Miller*, 389 F.2d 645 (3rd Cir. 1968), cert. denied, *Stearns v. Tabor*, 319 U.S. 915, 88 S.Ct. 1810, 20 L.Ed.2d 654 (1968), aff'g 269 F.Supp. 647 (E.D.Pa.1967), sets forth that the movant, in order to invoke the protection of the Act, must make a showing of his actual unavailability and that his rights would be adversely affected because of his absence from the trial. The affidavit of [petitioner] does not indicate that he would actually be unavailable for trial, nor does it indicate that he has requested leave or that it is not possible for him to obtain leave, nor does it state that his rights would be impaired if the matter were tried in his absence.

A similar situation is presented in this case. Here appellant not only failed to show that he was unable to obtain leave, but he also failed to show that he had even tried to obtain leave. Appellant did not show his actual unavailability or that his rights would be adversely affected by his absence at the trial.

Accordingly, we affirm.

All the Justices concur.