**Larry HACKMAN and Patricia Hackman, Plaintiffs,**

v.

**Eric John POSTEL, Defendant.**

**No. 86 C 9122.**

United States District Court,
N.D. Illinois, E.D.

Jan. 15, 1988.

Herbert P. Carlson, Iversen, Carlson & Associates, Chicago, Ill., for plaintiffs.

Randall F. Peters, James J. Reidy, Ltd., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Defendant Eric John Postel ("Postel"), a serviceman in the U.S. Navy, moves this court to enter an indefinite stay of his action pursuant to 50 U.S.C.App. § 521 which provides in relevant part that in an action involving an individual in military service, a stay of proceedings is necessary unless, in the opinion of the court, the ability of the serviceperson to prosecute or defend the action is not materially affected. For the reasons stated below, Postel's motion to stay is denied.

Although counsel disagree on certain issues, the underlying facts in this case are quite simple. Plaintiff Larry Hackman ("Hackman") was injured in a traffic collision which occurred when Postel struck Hackman's vehicle in the rear while Hackman stopped for traffic at an intersection.

Hackman initiated this action against Postel seeking damages for personal injuries. Postel is insured and is represented by counsel provided by the insurer. According to affidavits submitted by Postel's attorneys, Postel is currently stationed in New Hampshire and assigned to a naval vessel which is presently undergoing repairs at a naval shipyard. Postel's counsel asserts in the affidavits that "Postel will be unavailable over the next year because of requalification and leave periods ..." and that "it would be a travesty, under the circumstances of this case with a collision so minor, to request the Navy and defendant to accommodate plaintiff in any way, and certainly not to interrupt training or requalification so as to permit defendant to personally participate in the case at this time." Moreover, Postel's attorney asserts that Postel's rights would be materially hampered if the action is not stayed. Hackman's counsel, in an attempt to resolve this problem, has repeatedly offered to travel anywhere to allow defense counsel to take Postel's deposition and allow such deposition testimony into evidence if Postel is not present at trial. To date, however, defense counsel has taken no steps to secure Postel's deposition.

Hackman assails Postel's motion on the ground that no showing has been made that Postel is actually unavailable or that if his deposition is taken, his rights will be materially affected. The law is clear that a stay under § 521 is discretionary and it is up to the court to determine whether under the circumstances in a particular case, whether a stay is justified. *Tabor v. Miller*, 389 F.2d 645, 646–47 (3d Cir.), *cert. denied, Stears v. Tabor*, 391 U.S. 915, 88 S.Ct. 1810, 20 L.Ed.2d 654 (1968). The fact that the movant is insured and is represented by counsel provided by the insured is a factor to be considered. *Johnson v. Johnson*, 59 Cal.App.2d 375, 139 P.2d 33, 42 (1943). However, a stay is not mandated simply because the moving party is in the military service. *Id.* Courts interpreting § 521 have observed that for the movant to invoke the protection of the Act, he must make a showing of his actual

unavailability and that his rights would be adversely affected by virtue of his absence from trial. *Id.; Palo v. Palo,* 299 N.W.2d 577, 579 (S.D.1980); *Norris v. Superior Court of Mohave County,* 14 Ariz.App. 183, 185, 481 P.2d 553, 555 (1971). Where a court determines that a serviceman did not exercise due diligence in attempting to make himself available for trial, then the court may determine that the movant's military service did not affect his ability to conduct his defense. *Underhill v. Barnes,* 161 Ga.App. 776, 288 S.E.2d 905, 907 (1982). Courts denying motions for stays under § 521 have noted that mere contentions of unavailability, without affirmative representations that leave to attend the trial was sought by the serviceman and refused, are insufficient to warrant the imposition of such relief. *Id.; Tabor, supra.*

█ In the present case, no representations are made that Postel is *unable* to attend the trial. Counsel's affidavits merely state that Postel and the Navy should not be inconvenienced because this case is "so minor." Counsel's affidavits do not state that Postel has made any attempt to secure leave to attend the trial, nor does the letter counsel attaches from Postel's commanding officer state that Postel is unable to be present. Given these facts, this court is unable to find that Postel has made an actual showing of unavailability. *See Tabor, supra; Palo, supra;* and *Norris, supra.* Moreover, no suggestion has been made by defense counsel that Postel's deposition cannot be taken in New Hampshire and offered as evidence if Postel declines to attend the trial. Because Hackman will not be allowed to pursue Postel for any money judgment in excess of Postel's policy (unless Postel refuses to assign his bad faith claim to Hackman), it is difficult to see how Postel will be prejudiced if this action is not stayed. Where it is reasonable to infer that an insurance company is attempting to use § 521 as a means of postponing and perhaps defeating liability and that the defendant serviceman will not be materially benefited by a stay, the trial court is justified in refusing to 'injure the plaintiff for the sole advantage of the insurance company. *Johnson, supra.* In

the present case, granting a stay would only benefit Postel's insurer and would prejudice Hackman. Because Postel has not made a sufficient showing that he is unavailable and that his rights will be materially affected by virtue of his military service, Postel's motion for an indefinite stay is denied.