This paternity suit was filed on November 2, 1988, in the Chancery Court of Hinds County, Mississippi, by Jeanette Butler on behalf of her minor son, Katorya Nickkel Butler, alleging that Green Nicholas Wilson was the natural father of Katorya. On February 17, 1989, judgment was entered adjudicating Wilson to be the father of Katorya and ordered him to pay two hundred dollars ($200.00) a month in child support, twelve hundred dollars ($1,200.00) in back child support, one half (1/2) of all medical, hospitalization, dental, and optical expenses of the minor child, and seven hundred fifty dollars ($750.00) for attorneys fees, together with forty-four dollars ($44.00) in court costs.
Wilson, a member of the U.S. Armed Forces, was served with process and failed to respond. On March 2, 1990, after entry of the judgment, Wilson moved to set aside *Page 416 
the judgment for lack of jurisdiction. The motion was denied May 31, 1990. Wilson has appealed to this Court and presents the following issues for discussion:
 I. ABSENT A SPECIFIC FINDING THAT WILSON'S ABILITY TO CONDUCT HIS DEFENSE WAS NOT MATERIALLY AFFECTED BY REASON OF HIS MILITARY SERVICE, NO PATERNITY JUDGMENT COULD BE ENTERED AGAINST HIM.
 II. THE REQUIREMENTS OF 50 U.S.C.S. APPX. § 520 MANDATING AFFIDAVIT, BOND AND APPOINTMENT OF ATTORNEY WERE NOT FOLLOWED, REQUIRING REVERSAL.
 III. FAILURE TO COMPLY WITH THE PROVISIONS OF RULE 55 OF THE MISSISSIPPI RULES OF CIVIL PROCEDURE MANDATES REVERSAL OF JUDGMENT.
 FACTS
Katorya Nickkel Butler was born to Jeanette Butler on April 22, 1988. Jeanette alleged in the paternity action that she and Wilson had sexual relations, beginning in 1986 and continuing until September, 1987, which resulted in the birth of Katorya.
Wilson was served with process by certified mail on December 6, 1988. He made no response to the action then pending in the Hinds County Chancery Court. At the time, Wilson was a private in the United States Army stationed at Fort Ord, California. On February 17, 1989, an order was entered finding Wilson to be the natural father of Katorya and requiring him to pay for a portion of the child's support.
 DISCUSSION I.
Wilson contends that the lower court erred in entering a judgment of paternity against him because the court never made a specific finding that Wilson's ability to conduct his own defense was not materially affected by reason of his military service.
The Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A. App. § 521 provides:
 At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as a plaintiff or defendant, during the period of service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.
Id.
When a soldier invokes the provisions of the Soldiers' and Sailors' Civil Relief Act, the trial judge must make a specific finding that "the serviceman's ability to conduct his defense is not materially affected by reason of his military service, if such petition is denied." Roberts v. Fuhr, 523 So.2d 20, 28 (Miss. 1987); see Mathis v. Mathis, 236 So.2d 755 (Miss. 1970);Stringfellow v. Whichelo, 102 R.I. 426, 230 A.2d 858 (1967). A soldier, however, is not entitled to relief under the Soldiers' and Sailors' Civil Relief Act as a consequence of his membership in the armed services but, rather, because his defense is materially affected by his military service. Roberts, 523 So.2d at 28. "[T]he burden of showing that a defendant will be materially affected in conducting his defense because of military service is upon the defendant; it is not upon the plaintiff todisprove." Id. at 28 (quoting Mayfair Sales, Inc. v. Sams,169 So.2d 150, 152 (La. 1964) (emphasis added)); see also Palo v.Palo, 299 N.W.2d 577 (S.D. 1980); Plesniak v. Wiegand, 31 Ill. App.3d 923, 335 N.E.2d 131 (1st Dist. 1975).
In the case at bar, Wilson did not invoke the Soldiers' and Sailors' Civil Relief Act until thirteen months after the Hinds County Chancery Court entered the final judgment of paternity against him. Wilson never came forward with any evidence that he sought leave from his military service for purposes of attending trial in Mississippi *Page 417 
or that his defense was prejudiced in some other way as a result of his military service.
 Courts interpreting § 521 have observed that for the movant to invoke the protection of the [Soldiers' and Sailors' Civil Relief Act], he must make a showing of his actual unavailability and that his rights would be adversely affected by virtue of his absence from trial. [Citations omitted] Where a court determines that a serviceman did not exercise due diligence in attempting to make himself available for trial then the court may determine that the movant's military service did not affect his ability to conduct his own defense. [citation omitted] Courts denying motions for stays under § 521 have noted that mere contentions of unavailability, without affirmative representations that leave to attend trial was sought by the serviceman and refused are insufficient to warrant the imposition of such relief.
Hackman v. Postel, 675 F. Supp. 1132, 1133-34 (N.D.Ill. 1988) (emphasis added). Absent any documentation in the record as to Wilson's inability to defend himself in the courts of Mississippi as a consequence of his military service, the Hinds County Chancery Court did not err in rendering a judgment of paternity against Wilson.
 II.
Wilson contends that the lower court erred in not granting his motion to set aside the paternity judgment rendered against him as a consequence of such judgment not complying with 50 U.S.C.A. App. § 520(1), which states:
 In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that the plaintiff is not able to determine whether or not the defendant is in such service. If an affidavit is not filed showing that the defendant is not in military service, no judgment shall be entered without first securing an order of the court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest. . . .
Id.
In the case at bar, Butler, the appellee, did not submit to the court the affidavit required by § 520(1) nor did the chancery court comply with such section's mandate to appoint an attorney for the benefit of Wilson. Relief from judgments rendered in violation of § 520(1) is provided for in 50 U.S.C.A. App. § 520(4) which provides in pertinent part:
 If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty (30) days thereafter, and it appears that such person was prejudiced of reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety (90) days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof. . . .
Id. (emphasis added).
In the case at bar, the record is silent as to how Wilson's defense was prejudiced by his military service. The purpose of the Soldiers' and Sailors' Civil Relief Act was to protect persons in military service from having default judgments entered without their knowledge, not to prevent a judgment by default from being entered against such person, where that person was fully informed of the pendency of the action and had the time and opportunity to appear and defend himself or otherwise protect his rights. La Mar v. La Mar, 19 Ariz. App. 128, 505 P.2d 566
(1973); Burgess v. Burgess, 234 N.Y.S.2d 87 (1962). *Page 418 
In the case sub judice, Wilson was fully informed of the pendency of the paternity action against him in Mississippi and, in the absence of proof to the contrary, he had the time and opportunity to defend himself in the Mississippi action. Consequently, Wilson's defense has not been prejudiced by his military service and he is barred from the relief provided in § 520(4).
Wilson is also precluded from relief under § 520(4) as a result of his failure to establish the existence of a meritorious defense to the paternity action. Section 520(4) mandates that a judgment will be opened only if the defendant makes a meritorious or legal defense apparent. "The motion to vacate must not only declare that the movant has a good and meritorious defense to the action but must set it out." La Mar, 19 Ariz. App. at 131, 505 P.2d at 569. In the case at bar, Wilson has failed to state, in his motion to set aside the paternity judgment and on this appeal, that he has any meritorious defense to the paternity judgment rendered against him and, as such, is precluded from the relief provided by § 520(4).
 III.
Under issue three, Wilson asserts that the lower court erred in awarding a judgment of paternity against him because the requirements of Rule 55 of the Mississippi Rules of Civil Procedure were not satisfied. This claim is without merit. Rule 55 does not apply to paternity and child support actions; Rule 81 of the Mississippi Rules of Civil Procedure applies.
 (d) Procedures in Certain Actions and Matters. The special rules of procedure set forth in this paragraph shall apply to the actions and matters enumerated in subparagraphs (1) and (2) hereof and shall control to the extent they may be in conflict with any other provision of these rules.
 (1) The following actions and matters shall be triable after completion of service of process in any manner other than by publication . . . to-wit: . . . paternity . . . child support action. . . .
Miss.R.Civ.Proc. 81(d). The comment to Rule 81 explains why actions such as child support and paternity are treated differently:
 Rule 81(d) recognizes that there are certain actions and matters whose nature requires special rules of procedure. Basically these are matters of which the State has an interest in the outcome or which because of their nature should not subject a defendant/respondent to a default judgment for failure to answer.
Comment Miss.R.Civ.Proc. 81(d).
The lower court did not enter a judgment of default against Wilson. Butler, the infant's mother, was required to, and did, go forward with sufficient evidence to make out a prima facie case of paternity against Wilson. The lower court found that Butler presented evidence and testimony establishing a prima facie case and that an order of filiation should be entered against Wilson. The lower court did not err in failing to follow Rule 55, since paternity actions are governed by Rule 81.
Wilson failed to establish that his defense to the Mississippi paternity action was prejudiced by his military service or that he had a meritorious defense to such action, which precludes him from relief against the judgment of the lower court under the Soldiers' and Sailors' Civil Relief Act.
There being no reversible error in the proceedings below, the judgment of the lower court is affirmed.
AFFIRMED.
HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
DAN M. LEE, P.J., concurs in results only. *Page 419