■ ROBERT P. WARSHAWSKY, Appellant, v ROWENA F. WARSHAWSKY, Respondent. [625 NYS2d 658] —In an action for divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated May 27, 1994, as upon the plaintiff's motion for temporary custody of the parties' infant son, stayed the action in accordance with the Soldiers' and Sailors' Civil Relief Act of 1940 (50 USC, Appendix § 501 *et seq.).*

Ordered that the order is reversed insofar as appealed from, on the facts, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for an immediate hearing and determination of the plaintiff's motion for temporary custody forthwith.

The defendant was granted a stay in this action pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940 (50 USC, Appendix § 501 *et seq.),* which provides in pertinent part: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service" (50 USC, Appendix § 521; *see also,* Military Law §§ 304, 306).

In this case, the defendant's former commanding officer only requested a stay of the proceedings until October 31, 1994. The defendant's present commanding officer has indicated that the defendant will be available to attend the court proceedings in this matter on and after April 24, 1995. Therefore, it is evident that the defendant's ability to litigate in this matter is not materially affected by reason of her military service (see, Boone v Lightner, 319 US 561; Tabor v Miller, 389 F2d 645; Hackman v Postel, 675 F Supp 1132; Richichi v Grillo, 42 AD2d 875). Accordingly, this matter is remitted to the Supreme Court for an immediate hearing to determine the issue of custody.

The plaintiff's remaining contention is without merit. Pizzuto, J. P., Joy, Friedmann and Goldstein, JJ., concur.