Anthony King Bowman sued Valencia Lenora May on June 27, 1991, requesting damages for injuries he said he had received in a July 4, 1989, automobile accident. On September 28, 1995, after Bowman had failed to prosecute the case and after attempts by the defendant and the court to have Bowman comply with discovery or to make himself available for discovery had failed, the trial court dismissed the action with prejudice. Bowman appealed to the Alabama Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala. Code 1975.
Bowman contends that the trial court erred in dismissing his action while he was serving in the United States Navy, stationed in Okinawa, Japan. Specifically, Bowman argues, under the Soldiers' and Sailors' Civil Relief Act (SSCRA), 50 U.S.C. App. § 521, et seq. (1990), the trial court could not properly dismiss his action because he was serving in the Navy and was stationed overseas.
The SSCRA provides a means for a plaintiff or defendant serving in the military to seek a stay at any stage of that party's civil proceeding. 50 U.S.C. App. § 521. Whether to grant such a stay is within the discretion of the trial court.Boone v. Lightner, 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587
(1943); Riley v. State ex rel. White, 563 So.2d 1039
(Ala.Civ.App. 1990). That discretion *Page 1136 
is to be "exercised cautiously, with the object in mind of giving effect to the obvious purpose of the act, which is to protect the civil rights of a person who, on account of his service in the armed forces, cannot be present at a trial or proceeding." Palo v. Palo, 299 N.W.2d 577, 579 (S.D. 1980) (quoting State ex rel Stenstrom v. Wilson, 234 Minn. 570,48 N.W.2d 513, 514-15 (1951)). The trial court's ruling granting or denying a stay will not be disturbed on appeal absent an abuse of discretion. Riley, 563 So.2d 1039.
The Alabama Supreme Court set forth the general rule regarding the application of the SSCRA in Brown ServiceInsurance Co. v. King, 247 Ala. 311, 24 So.2d 219 (1945):
 "[T]he Act does not apply merely because such person is in military service, and is not to be invoked for a needless purpose, but is to be administered as an instrument to accomplish substantial justice, Hunt v. Jacobson, 1942, 178 Misc. 201, 33 N.Y.S.2d 661, and has application only when the military service has prevented or is preventing a member of the military forces from meeting the obligations imposed upon him by the instrument sued on. Brooklyn Trust Co. v. Papa, Sup. 1941, 33 N.Y.S.2d 57."
Several jurisdictions have held that to invoke the protection of the SSCRA, the movant must make a showing of his actual unavailability and that his rights would be adversely affected because of his absence from the trial. Tabor v. Miller,389 F.2d 645 (3d Cir. 1968), cert. denied, 391 U.S. 915,88 S.Ct. 1810, 20 L.Ed.2d 654 (1968); Hackman v. Postel, 675 F. Supp. 1132
(N.D.Ill. 1988); Underhill v. Barnes, 161 Ga. App. 776,288 S.E.2d 905 (Ga. 1982); Palo v. Palo, 299 N.W.2d 577 (S.D. 1980); Norris v. Superior Court of Mohave County, 14 Ariz. App. 183,481 P.2d 553, 555 (1971). Those courts have held that "mere contentions of unavailability, without affirmative representations that leave to attend the trial was sought by the serviceman and refused, are insufficient to warrant the imposition of [relief under the SSCRA]." Hackman,675 F. Supp. at 1134.
The record shows that in August 1992, Bowman's counsel advised the defendant's attorney that Bowman would be in Japan for about a year. In May 1993, Bowman's attorney said that Bowman would be returning stateside in June or August of 1994. In January 1995, the defendant's counsel noticed the deposition of Bowman for February 16, 1995, but was told that Bowman would not be appearing. According to the case action summary sheet, on May 5, 1995, the trial court entered an order stating that if Bowman did not make himself available for deposition within 90 days, the action would be dismissed on motion of the defendant. On August 4, 1995, the defendant's counsel was advised that Bowman would not be available for a deposition until November or December 1995. In an affidavit, Bowman's attorney said that since Bowman went to Japan, he had one two-week leave. During that time, the attorney said, Bowman went home to Detroit.
The record contains no evidence that Bowman has been unable to get leave, or that he has even tried to get leave. Furthermore, there is no indication in the record that over the past four years Bowman has made any attempt to prosecute this action. Bowman has failed to show actual unavailability or to show that his military service has affected his ability to prosecute this case. Therefore, we cannot say that the trial court abused its discretion in denying a stay.
Bowman has made no effort to prosecute this case. He has not complied with many discovery requests except upon orders from the court. The record shows that even with orders from the court Bowman has been less than diligent in responding to discovery requests, and that he has not offered an explanation for his failure to comply, other than to say he is serving in the military. Bowman's failure to comply with discovery would have supported the dismissal. Rule 37(b), Ala.R.Civ.P.;Iverson v. Xpert Tune, Inc., 553 So.2d 82 (Ala. 1989). Furthermore, Bowman's failure to prosecute would have supported the dismissal. Rule 41(b), Ala.R.Civ.P.; Wal-Mart Stores, Inc.v. Caples, 646 So.2d 1328 (Ala. 1994).
The trial court did not abuse its discretion in denying a stay under the SSCRA or in *Page 1137 
dismissing the action. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.