Martinez et al. v. Meyers et. al., 167 Ala. 456, 52 So. 592; Rittenberry v. Wharton, 176 Ala. 390, 58 So. 293; Edmondson v. Jones, 204 Ala. 133, 85 So. 799.

[3, 4] Another ground for avoiding the decree is stated in the bill, to wit, that the administrator collected the sum of $1,800 insurance, money, constituting assets of the estate coming into his hands as administrator, and for which he failed to charge himself in the accounts filed in the probate court on his final settlement, and concealed from the probate court the fact that he had received said sum of money, "and, as a result of said fraud so practiced against complainant and so perpetrated upon the court, an error of fact and law occurred in the final settlement of said estate" to the injury of complainant, of which fact she had no knowledge or notice. It was the duty of the administrator of said estate in the administration of the trust to honestly account for all the funds coming into his hands belonging to the estate, and his failure to do so is a fraud that authorized the intervention of a court of equity, if this fraud, unmixed with fault or negligence on the part of the complainant, was an element entering into the rendition of the decree which resulted in denying to the distributees of the estate their just distributive shares of the estate, and is fraud extrinsic to the issues presented on the trial, in the absence of a motion to charge the administrator with the money so received by him, and brings the case within the statute. Grace v. Perumbo, 202 Ala. 504, 80 So. 792; Rittenberry v. Wharton, supra. The complainant being a minor, the limitation of two years prescribed by section 6482 of the Code does not apply. Code of 1923, § 6483.

[5] The appellant Fidelity & Deposit Company of Maryland, citing as an authority Evans v. Evans, 200 Ala. 329, 76 So. 95, insists that inasmuch as the assets of the estate have been distributed in accordance with the decree of the probate court on final settlement, it, as the surety on the administrator's bond, is absolved from liability, but we are persuaded that this insistence is founded on a misconception of the holding in the Evans Case. The bill in that case was filed by the children of the decedent, born of a lawful wife, and hence the sole heirs at law, against Grace Evans, her children, the issues of an unlawful marriage, and others, the said decedent having married Grace during the lifetime of his former wife without having been divorced from her. After the death of the ancestor of the complainant, Grace, without knowledge of the former marriage, believing that she was the lawful wife and that her children were the lawful heirs, procured herself to be appointed as the administratrix of the estate, and the administration proceeded to a final settlement, in due course, in good faith, and without fraud attending any of the acts of the administratrix. The bill, as last amended and as presented on appeal here, did not seek to avoid the decree of the probate court on final settlement, but treated it as valid, the purpose and scope of that bill being to impress the funds in the hands of the defendant as a trust, and to charge them as trustee in invitum. Under these circumstances, the decree of the probate court being valid and regular, and the funds having been accounted for and paid out by the administratrix, in due course and without fraud, the decree on final settlement and full compliance therewith was a complete answer to further liability on the part of the sureties on the bond of the administratrix.

In the case at bar, the court is asked to annul the decree on final settlement for fraud in its procurement.

The obligation of the surety, as expressed in the bond, is:

"Now, if the said C. O. Garrard shall well and truly perform all the duties which are or may be by law required of him as such administrator, then the above obligation to be void, otherwise to remain in full force."

Under the averments of the bill, the administrator has failed to "well and truly perform all the duties" which were required of him by law, to the injury of the complainant, and, if the proof sustains the averments. the court will set aside and annul the decree on final settlement and will proceed to a proper determination of the administrator's liability to the complainant, and this will determine the extent of the liability of the surety. Presley v. Weakley, 135 Ala. 517, 33 So. 434, 93 Am. St. Rep. 39.

The decree of the circuit court overruling the demurrers to the bill is free from error.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

---

(112 So. 145)

**ÆTNA INS. CO. v. EARNEST.** (6 Div. 861.)

(Supreme Court of Alabama. March 24, 1927.)

Appearance &#8660;26—General appearance after default judgment held waiver of defect in service of summons.

After default judgment in an action on insurance policy, defendant appeared generally and moved that judgment be set aside and new trial granted on ground that it was wrongfully deprived of opportunity to make defense. *Held*, such appearance was waiver of defect in service of summons.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

&#8660;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action on a policy of fire insurance by George M. Earnest against the Ætna Insurance Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals, under Code 1923, § 7326. Affirmed.

Monette & Taylor, of Birmingham, and Reuben H. Wright, of Tuscaloosa, for appellant.

Judgment by default cannot properly be entered against a corporation, where the sheriff's return simply shows that service was had on a given person as agent without proof of actual agency of the person served. Ind. Order, etc., v. Walker, 17 Ala. App. 66, 81 So. 844; Farmers' State Bank v. Inman, 208 Ala. 281, 94 So. 105; Ind. Pub. Co. v. Amer. Press Ass'n, 102 Ala. 475, 15 So. 947; Hoffman v. Ala. Dist. Co., 124 Ala. 542, 27 So. 485; Oxanna Bldg. Ass'n v. Agee, 99 Ala. 571, 13 So. 279.

Bealle & Pearson, of Tuscaloosa, for appellee.

A motion to set aside a default judgment upon grounds other than jurisdictional enters a general appearance, and validates the judgment as to all defects in the service of the summons. Sanatorium v. Vanston, 14 N. M. 436, 94 P. 945; Miles v. Goodwin, 35 Ill. 54; Boulware v. C. & A. Ry., 79 Mo. 494; Gant v. C., R. I. & P. R. Co., 79 Mo. 502; Coad v. Coad, 41 Wis. 23; Security L. & T. Co. v. Boston Co., 126 Cal. 418, 58 P. 941, 59 P. 296; Maclay Co. v. Meads, 14 Cal. App. 363, 112 P. 195, 113 P. 364; Gilbert-Arnold L. Co. v. O'Hare, 93 Wis. 194, 67 N. W. 38; Fisk v. Thorp, 60 Neb. 713, 84 N. W. 79; Pry v. H. & St. J. R. Co., 73 Mo. 123; 2 Encl. P. & P. 656.

SOMERVILLE, J. Conceding, without deciding, that the sheriff's return indorsed on the summons was not sufficient to show a *valid* service on the defendant, Ætna Insurance Company, even under section 9421 of the Code (see Farmers' State Bank v. Inman, 208 Ala. 281, 283, 94 So. 105, and Independent Order, etc., v. Walker, 17 Ala. App. 66, 81 So. 844), we are of the opinion that the *defect was waived* by the defendant, when it appeared generally and filed a motion to set aside the judgment and grant defendant a new trial on the grounds of surprise, mistake, and fraud.

It will be observed that the motion admitted that:

"A copy of the summons and complaint in this cause was served on an agent of defendant."

It then recites that negotiations for a settlement were entered into between the parties, and while these negotiations were under way, and without notifying defendant that they were considered at an end, plaintiff, on February 1, 1926, took a judgment by default against defendant; and that:

"On account of the above-described acts and conduct on the part of the plaintiff, the defendant was prevented by surprise, accident, mistake, or fraud, without fault on its part, from making its defense to this cause of action."

In thus appearing and attempting to set aside the judgment because it had been wrongfully deprived of the opportunity to make its defense, and in asking for a new trial, the defendant recognized the validity of the judgment and of the service of summons, and assumed a position wholly inconsistent with its now asserted right to vacate the judgment for want of legal execution of the summons.

The subject is discussed quite fully, with a review of the authorities, in Security Loan & Trust Co. v. Boston, etc., Co., 126 Cal. 418, 58 P. 941, 59 P. 296, and Belkman v. Charlton, 25 Or. 41, 34 P. 758.

The general rule is thus stated in 4 Corp. Jur. 1364, § 64:

"Where a judgment has been rendered by the court without jurisdiction of the person, a general appearance after such judgment waives all objection to the jurisdiction of the court over the person. Thus a general appearance by defendant after final judgment waives any and all defects and irregularities in the service of process and return, just as fully as it does where such appearance is entered before final judgment."

And the same text (1365, § 65) cites many cases to the proposition that:

"As to the immediate parties to the action, a general appearance validates a judgment that was theretofore absolutely void for want of jurisdiction."

There are a few cases to the contrary, as in Bennett v. Supreme Tent, 40 Wash. 431, 82 P. 744, 2 L. R. A. (N. S.) 389, but we prefer to follow the great weight of authority, which is based, we think, on sound principles.

The judgment appealed from will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.