THOMAS, Judge.
 

 Kathleen Ann Klaeser appeals from the Madison Circuit Court’s denial of her motion to set aside a default judgment in favor of Osborne Milton, Jr. We affirm.
 

 Facts and Procedural History
 

 Milton and Klaeser were divorced in 2000. The divorce judgment, in part, awarded Klaeser primary physical custody of the parties’ younger child (“the child”). On November 28, 2006, Milton petitioned the trial court to modify custody by awarding Milton primary physical custody of the child. The process server attempted to serve Klaeser at her home; however, Klaeser was not present. The process server left the service with the child, who was then 15 years old.
 
 [1]
 
 Klaeser did not receive the papers from the child until several days later.
 
 [2]
 
 On September 11, 2007, Milton filed an amended complaint, adding a claim requesting that the trial court modify the postminority-educational-sup-port provision in the parties’ divorce judgment.
 

 Klaeser did not answer Milton’s petition or file any other responsive pleading. On November 2, 2007, Milton applied to the clerk for entry of a default judgment against Klaeser. Milton included an affidavit with his application for default; however, he failed to state in his affidavit whether Klaeser was in active military service. Klaeser is a colonel in the United States Army Reserve, and, on May 17, 2007, Klaeser was placed in active military service. It is unclear whether Milton knew that Klaeser had been placed in active military service. The trial court entered a default judgment against Klaeser on February 29, 2008. In May 2008, Klaeser mailed a letter to the trial court alleging that she was in active military service and therefore covered by the Ser-vicemembers Civil Relief Act of 2003, codified at 50 App. U.S.C. § 501 et seq. (“the Act”). In November 2008, Klaeser mailed a letter to the trial court contesting the amount of child support awarded to Milton in the default judgment. The court held a hearing on Klaeser’s “contest” of the judg
 
 *820
 
 ment and, on January 5, 2009, denied her request for relief. Klaeser was represented by counsel at the hearing.
 

 On January 19, 2009, Klaeser moved the trial court pursuant to Rule 60(b)(4), Ala. R. Civ. P., and the Act to set aside the default judgment. Klaeser alleged in her motion that the default judgment was void for insufficiency of service of process and that the default judgment had been entered in contravention of the provisions of the Act. The trial court held a hearing and, in a detailed written order, denied Klaeser’s motion. Klaeser timely appealed to this court.
 

 Issues
 

 Klaeser raises two issues in her appeal: (1) whether the trial court erred when it determined that Klaeser had been properly served; and (2) whether the trial court erred when it determined that Klaeser had not demonstrated that she was entitled to have the default judgment set aside pursuant to the provisions of the Act.
 

 Standard of Review
 

 We apply a de novo standard of review to a trial court’s ruling on a Rule 60(b)(4) motion.
 

 “ ‘ “When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.” ’ ”
 

 Russell Coal Co. v. Smith,
 
 845 So.2d 781, 783 (Ala.2002)(quoting
 
 Northbrook Indem. Co. v. Westgate, Ltd.,
 
 769 So.2d 890, 893 (Ala.2000) (quoting in turn
 
 Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp.,
 
 590 So.2d 209, 212 (Ala.1991))).
 

 The Act “places upon the trial judge a wide discretion; and, in determining whether a service [member] is entitled to relief, each case must stand upon its own merits.”
 
 Brown Serv. Ins. Co. v. King,
 
 247 Ala. 311, 315, 24 So.2d 219, 222 (1945). The trial court’s denial of Klaeser’s motion to set aside the default judgment because it was entered in contravention of the provisions of the Act will be reversed only if the trial court exceeded that discretion.
 
 See, e.g., Riley v. State ex rel. White,
 
 563 So.2d 1039, 1040 (Ala.Civ.App.1990).
 

 Analysis
 

 I.
 

 Klaeser argues that the trial court erred when it denied her Rule 60(b)(4) motion because, she says, the child was not of suitable age and discretion to accept substituted service of process for Klaeser.
 
 [3]
 
 Thus, Klaeser argues that service of process was insufficient, rendering the judgment void for lack of personal jurisdiction.
 

 A defense alleging a lack of personal jurisdiction because of insufficiency of service of process, however, can be waived if the defendant submits himself or herself to the jurisdiction of the trial court.
 
 See
 
 Rule 12(h)(1), Ala. R. Civ. P. (providing that a defense of insufficiency of service of process is waived if it is not included in a Rule 12 motion, a responsive pleading, or an amended responsive pleading). In this case, Klaeser did not file any responsive pleadings to Milton’s petition before the
 
 *821
 
 trial court entered its default judgment. However, after the default judgment, Klaeser filed a “contest” challenging the amount of income withholding ordered by that judgment. The trial court held a hearing on her “contest,” at which Klaeser’s attorney appeared. Klaeser did not raise the issue whether process was insufficient in her letter contesting the amount of the income withholding, nor did her attorney raise the issue when he appeared at the hearing.
 

 In
 
 Kingvision Pay-Per-View, Ltd. v. Ayers,
 
 886 So.2d 45, 58 (Ala.2003), the Alabama Supreme Court quoted approvingly from
 
 Lonning v. Lonning,
 
 199 N.W.2d 60, 62 (Iowa 1972), for the proposition that:
 

 “ ‘The rules which govern our consideration of this case are well established. The filing of a pleading is a general appearance. Rule 65(c), Rules of Civil Procedure. Jurisdiction of the person in a civil case may be acquired by service of notice in the manner and form prescribed by law, or by defendant’s general appearance.
 
 Boyer v. Iowa High School Athletic Association,
 
 258 Iowa 285, 138 N.W.2d 914 (1965);
 
 Emery Transportation Company v. Baker,
 
 257 Iowa 1260, 136 N.W.2d 529 (1965);
 
 Baker v. Baker,
 
 [248 Iowa 361, 81 N.W.2d 1 (1957)]. A general appearance is a waiver of notice and if a party appears in person or by attorney he submits himself to the jurisdiction of the court.
 
 Humboldt Livestock Auction, Inc. v. B & H Cattle Co.,
 
 261 Iowa 419, 155 N.W.2d 478 (1967);
 
 O’Connor v. Youngblade,
 
 250 Iowa 808, 96 N.W.2d 457 (1959). He may not thereafter avoid that jurisdiction by special appearance.
 
 Gardner v. Beck,
 
 195 Iowa 62, 189 N.W. 962 (1922); 5 Am.Jur.2d,
 
 Appearance
 
 § 16, pp. 491-92; 6 C.J.S.,
 
 Appearances
 
 § 24, p. 67.’ ”
 

 This statement is in accord with earlier Alabama cases that hold that a defendant waives the defense of improper service of process if that defendant does not raise the issue in his or her first appearance following the entry of a default judgment. In
 
 Pridgen v. Head,
 
 282 Ala. 193, 198, 210 So.2d 426, 430 (1968), the Alabama Supreme Court stated:
 

 “In
 
 Aetna Ins. Co. v. Earnest,
 
 215 Ala. 557, 112 So. 145 [ (1927) ], [the Alabama Supreme Court] quoted approvingly from 4 Corpus Juris, Appearances, § 64, p. 1364, as follows:
 

 “ ‘Where a judgmeht has been rendered by the court without jurisdiction of the person, a general appearance after such judgment waives all objection to the jurisdiction of the court over the person. Thus a general appearance by defendant after final judgment waives any and all defects and irregularities in the service of process and return, just as fully as it does where such appearance is entered before final judgment.’
 

 “In the
 
 Aetna Ins. Co.
 
 case, supra, [the Alabama Supreme Court] pointed out that in the same text (§ 65, p. 1365) many cases were cited to the proposition that: ‘As to the immediate parties to the action, a general appearance validates a judgment that was theretofore absolutely void for want of jurisdiction.’ ”
 

 In this case, Klaeser appeared in the action when she contested the merits of the default judgment. By appearing in the action, Klaeser submitted herself to the jurisdiction of the trial court. Klaeser should have brought any challenge to the trial court’s personal jurisdiction over her at that time. Because Klaeser failed to raise the defense of insufficiency of service of process in her first appearance following the entry of the default judgment, she waived that defense. Therefore, the trial
 
 *822
 
 court’s denial of Klaeser’s Rule 60(b)(4) motion is due to be affirmed.
 

 II.
 

 Klaeser next argues that the trial court erred when it denied her request to set aside the default judgment because, she argues, the trial court entered its default judgment in contravention of the provisions of the Act. Section 521(b)(1) of the Act provides:
 

 “In any action or proceeding covered by this section, the court, before entering judgment for the plaintiff, shall require the plaintiff tó file with the court an affidavit—
 

 “(A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
 

 “(B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.”
 

 The submission of the affidavit is a prerequisite to the entry of a default judgment. Milton does not dispute that he did not submit such an affidavit at the time he applied for a default judgment. Thus, Klaeser is correct that the provisions in the Act were not followed. However, that error does not mandate reversal. Default judgments obtained in the absence of the required affidavit are merely voidable, not void.
 
 Krumme v. Krumme,
 
 6 Kan.App.2d 939, 943, 636 P.2d 814, 815 (1981);
 
 Davidson v. General Fin. Corp.,
 
 295 F.Supp. 878, 881 (N.D.Ga.1968);
 
 Rentfrow v. Wilson,
 
 213 A.2d 295, 296 (D.C.1965);
 
 Thompson v. Lowman,
 
 108 Ohio App. 453, 456, 155 N.E.2d 258, 261 (1958); and
 
 People v. Vogel,
 
 46 Cal.2d 798, 299 P.2d 850 (1956).
 

 A servicemember who has had a default judgment entered against him or her may seek to set aside the default judgment by complying with the requirements of 50 App. U.S.C. § 521(g). First, the servicemember must file an application under the Act during the servicemember’s military service or within 90 days after the servicemember’s termination or release from military service. In this case, Klaeser filed her application two days before she was released from active duty. Thus, her motion was timely. Next, the servicemem-ber must show that he or she was “materially affected by reason of that military service in making a defense to the action” and that he or she has a “meritorious or legal defense to the action or some part of it.” 50 App. U.S.C. §§ 521(g)(1)(A) and (B). Klaeser alleged in her affidavit that her military service
 

 “materially affected [her] ability to formulate and present a defense herein, since it interfered with [her] opportunity to consult with counsel of [her] choosing, to select and retain an attorney whom [she] deemed to be capable of defending [her] interests within the foregoing matter, to actively communicate and consult with him or her in the planning of [her] case, and to appear in court in an effort to present [her] defenses and counterclaims herein.”
 

 However, Klaeser does not explain why she did not take any action during the five months between the date she was notified of the action and the date she entered active military service.
 

 “The purpose of the Soldiers’ and Sailors’ Civil Relief Act
 
 [4]
 
 was to protect persons in military service from having
 
 *823
 
 default judgments entered without their knowledge, not to prevent a judgment by default from being entered against such person, where that person was fully informed of the pendency of the action and had the time and opportunity to appear and defend himself or otherwise protect his rights.”
 

 Wilson v. Butler,
 
 584 So.2d 414, 417 (Miss.1991) (citing
 
 La Mar v. La Mar,
 
 19 Ariz.App. 128, 130-81, 505 P.2d 566, 568-69 (1973), and
 
 Burgess v. Burgess,
 
 234 N.Y.S.2d 87, 89 (1962)). This statement is in accord with Alabama caselaw requiring a defendant who seeks to set aside a default judgment pursuant to Rule 60(b), Ala. R. Civ. P., to show that he or she adequately protected his or her rights.
 
 See DaLee v. Crosby Lumber Co.,
 
 561 So.2d 1086, 1091 (Ala.1990) (“ ‘It is the duty of every party desiring to resist an action or to participate in a judicial proceeding to take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment. Unless in arranging for his defense he shows that he has exercised such reasonable diligence as a man of ordinary prudence usually bestows upon important business, his motion to set aside a judgment for default should be denied.’ ” (quoting
 
 McDavid v. United Mercantile Agencies, Inc.,
 
 248 Ala. 297, 301, 27 So.2d 499, 503 (1946))). Klaeser had over five months from the time she learned of the action until she was placed in active military service. There is nothing in the record indicating that Klaeser undertook any action during that time to retain counsel or to otherwise protect her rights. Consequently, Klaeser has not demonstrated that her military service materially affected her ability to defend the action.
 

 Conclusion
 

 Because Klaeser waived her insufficiency-of-service-of-process argument, and because Klaeser has not demonstrated that the trial court exceeded its discretion when it denied her motion to set aside the judgment because it was entered in contravention of the provisions of the Act, the trial court’s judgment is affirmed.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . Klaeser alleges that the child was 15 years old; Milton alleges that the child was actually 16 years old.
 

 [2]
 

 . It is unclear from the record whether Klaeser did not return home for several days or whether the child simply neglected to inform Klaeser of the papers left by the process server.
 

 [3]
 

 . Rule 4(c)(1), Ala. R. Civ. P., provides, in pertinent part, that service of process on an individual, other than a minor or an incompetent person, shall be made "by serving the individual or by leaving a copy of the summons and the complaint at the individual’s dwelling house or usual place of adobe with some person of suitable age and discretion then residing therein....”
 

 [4]
 

 4. The Soldiers’ and Sailors' Civil Relief Act of 1940 was the forerunner to the Servicemem-bers Civil Relief Act of 2003. The relevant portions of the two acts are substantively similar.