MOORE, Judge.
Theophilus Hall (“the husband”) appeals from the denial of his motion, filed pursuant to Rule 60(b), Ala. R. Civ. P., to set aside a 2004 judgment, entered by the Dallas Circuit Court (“the trial court”). That judgment divorced him from Frankie C. Hall (“the wife”), divided the marital estate, and ordered the husband to pay child support and periodic alimony. The husband also sought to set aside a 2011 judgment entered in a modification action that was resolved during mediation. We dismiss the appeal in part because the trial court lacked subject-matter jurisdiction to enter part of its judgment, and we affirm the remaining portions of the judgment.

Background

On May 14, 2003, the wife filed a complaint in the trial court seeking a divorce from the husband; that complaint was assigned case no. DR-03-118. In March 2004, after the wife was unable to perfect personal service upon the husband via certified mail or via a special process server, the trial court granted the wife’s motion for service by publication on the husband.
On May 24, 2004, the wife requested that the trial court enter a default judgment against the husband. The wife attested in a sworn and notarized affidavit that the husband had failed, after service, to answer or otherwise defend against her complaint and that, to her knowledge, the husband was not on active military duty. The trial court granted the wife’s motion and entered a default judgment of divorce. In that judgment, the trial court ordered the husband, among other things, to pay $766.48 per month as child support for the benefit of the parties’ minor child; to pay an additional $400 per month until a specified child-support arrearage was satisfied; to pay the wife $1,500 per month as periodic alimony; to convey his interest in real property located on Seymore Road in Dallas County to the wife; to pay all the parties’ debts associated with real property located on Church Street in Dallas County; to pay the parties’ marital debts; and to pay the college expenses of the parties’ child, if he attended college. The trial court also awarded the wife one-half of any retirement or pension benefit to which the husband was entitled or had a vested interest in as of the date of the divorce judgment and ordered the husband to pay $3,500 toward the wife’s attorney *187 fees. A wage-withholding order was subsequently issued to the husband’s employer for the purpose of garnishing his wages to comply with his obligations under the divorce judgment.
On September 1, 2010, the husband, through legal counsel, filed a petition in the trial court seeking to modify the 2004 judgment of divorce. In that petition, the husband asserted that, since the entry'of the May 24, 2004, divorce judgment, the parties’ child had reached the age of majority and, therefore, that the wage-withholding order issued by the trial court should be terminated.[1].
The husband also asserted that he had been on active military duty when the wife had filed her divorce complaint; that the wife had known his whereabouts but had chosen not to serve him with the summons and complaint; that he and the wife “had never separated” before she had filed her divorce complaint and, therefore, that he could not have had a child-support arrear-age as established in the trial court’s May 24, 2004, divorce judgment; and that he had not challenged the terms of the May 24, 2004, divorce judgment “because he was willing to provide for the minor child regardless of the deception on the part of the [wife].”
The husband requested that the trial court set aside the child-support provisions of the May 24, 2004, judgment, terminate the wage-withholding order, and “set aside the Order requiring the [husband] to pay $400 per month in arrearages that were never accrued or due in this matter.” The husband’s modification petition was assigned case no. DR-03-118.01.
The wife answered the husband’s modification petition and counterclaimed for contempt, asserting that the husband had not complied with numerous provisions of the May 24, 2004, divorce judgment. She sought “full compliance” with the divorce judgment, interest, and an award of attorney fees. On May 19, 2011, the trial court ordered the parties to mediation.
On July 13, 2011, the parties entered into a “Mediation Settlement Agreement.” Pursuant to the terms of that agreement, the husband and the wife agreed that the husband’s child-support and periodic-alimony obligations should be terminated; that .the husband would maintain a $250,000 life-insurance policy naming the wife as the beneficiary; that the husband would cooperate with the wife’s attorney so that a qualified.domestic relations order (“QDRO”) could be entered; that the, husband would pay to the wife’s attorney $8,600 as attorney fees; and that the husband would pay to the wife a total of $250,000 at a rate .of $1,500 per month to satisfy his child-support and alimony ar-rearages. According to the State Judicial Information System (“SJIS”), on August 5, 2011, the trial court adopted the parties’ settlement agreement and entered it as the judgment of the trial court. An August 12, 2011, entry on SJIS indicates that the .01 action was “disposed on 08/01/2011 by (settled).”
On August 16, 2011, the wife filed a “Verified Motion for Pendente Lite Relief.” In her motion, the wife asserted that the husband -had failed to abide by paragraph 11 of the 2004 divorce judgment, in which the trial court had ordered the husband to pay all the parties’ debts and to indemnify the wife for her payment of such debts. The wife asserted that the *188 husband had refused to make the payments due on a Lexus SC 430 automobile; that the husband had failed to indemnify the wife for payments she had made on that automobile; and that the husband had damaged her credit by failing to timely make the required payments. The wife requested that the trial court order the husband to pay all amounts due on the Lexus automobile, that she be awarded possession of the Lexus automobile, that she be awarded $8,000 in damages for injury to her credit, and that she be awarded attorney fees. Although the wife’s motion appears to assert a new contempt claim against the husband, there is no indication that the wife paid a filing fee at the time she filed that motion, and the motion was docketed under case no. DR-03-118.01.
On August 23, 2011, without a hearing, the trial court ordered the husband to immediately turn over possession of the Lexus automobile to the wife and to immediately make all back payments owed on “both cars” to the wife. The trial court also scheduled a hearing for the husband to show cause why further relief should not be granted to the wife.
On August 24, 2011, the husband filed a “Motion to Vacate Judgment.” In that motion, the husband asserted that the 2004 divorce judgment was void for lack of personal jurisdiction over him. The husband also asserted that, because the 2004 divorce judgment was void, the August 2011 judgment, entered on the parties mediation agreement, also was void.
On October 25, 2011, the wife amended her motion for pendente lite relief; in that amended motion, she requested that the trial court exercise jurisdiction over the Lexus automobile. On that same date, the husband opposed the wife’s motion for pendente lite relief, as amended, asserting that the trial court had no jurisdiction over the Lexus automobile because it had not been part of the marital estate, it had been purchased after the divorce had been finalized, and, assuming that the parties’ mediation agreement was valid and binding upon the parties, that agreement did not require the husband to pay for the Lexus automobile. The husband requested that the trial court impose sanctions against the wife for the filing of her motion for pen-dente lite relief, which the husband characterized as frivolous; he also sought an award of attorney fees.
On November 11, 2011, the parties entered into a written stipulation agreeing to extend the time for the trial court to rule on the husband’s motion to vacate the divorce judgment. On December 19, 2011, the wife filed a motion to compel the husband to “Comply with Previous Court Order.” She asserted that, in September 2011, the trial court had ordered the husband to immediately turn over possession of the Lexus automobile to the wife and to make all back payments owed on it. The wife asserted that the husband had failed to comply with that September 2011 order, and she requested that the trial court order him to immediately pay Wells Fargo, which had repossessed the Lexus, and, if the husband failed to do so, to take certain other specified actions to secure the debt owed on that automobile. The following day, on December 20, 2011, the trial court granted the wife’s motion to compel.
On January 13, 2012, the husband filed a motion to vacate the December 20, 2011, order. On March 26, 2012, the trial court conducted a hearing on the husband’s pending motions to vacate; at that hearing, only the husband testified. At the conclusion of the hearing, the trial court requested that the parties submit letter briefs addressing the pertinent issues. The husband submitted his letter brief, and, on April 10, 2012, the wife filed a *189 response thereto, attaching numerous supporting exhibits. On April 16, 2012, the husband moved to strike certain of the wife’s exhibits.
On May 16, 2012, the trial court entered a judgment denying “[the husband’s] motion to vacate and/or modify.” On that same date, the trial court entered a separate order denying the husband’s motion to strike the exhibits attached to the wife’s letter brief. The husband timely appealed to this court.

Denial of Motion to Vacate the 2001 Divorce Judgment

We first address the denial of the husband’s motion to vacate the 2004 divorce judgment as void for lack of personal jurisdiction.
“Rule 60(b)(4), Ala. R. Civ. P., provides for relief from a judgment when that judgment is void. Generally, this Court reviews a trial court’s ruling on a Rule 60(b) motion to determine whether the trial court exceeded its discretion. However, with regard to Rule 60(b)(4), this Court has stated:
“ ‘The standard of review on appeal from the denial of relief under Rule 60(b)(4) is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process. Satterfield v. Winston Industries, Inc., 553 So.2d 61 (Ala.1989).’
“Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209, 212 (Ala.1991). In other words, if the underlying judgment is void because the trial court lacked subject-matter or personal jurisdiction or because the entry of the judgment violated the defendant’s due-process rights, then the trial court has no discretion and must grant relief under Rule 60(b)(4). This Court reviews de novo the trial court’s decision on a Rule 60(b)(4) motion to set aside a judgment as void, because the question of the validity of a judgment is a question of law. Orix Fin. Servs., Inc. v. Murphy, 9 So.3d 1241, 1248 (Ala.2008)(Murdock, J., concurring specially). Notwithstanding our de novo review, in his special writing in Orix, Justice Murdock recognized that when a trial court, in ruling on a Rule 60(b)(4) motion, makes factual findings implicating the ore tenus rule, the trial court’s factual findings are entitled to some deference by this Court. In Ethridge v. Wright, 688 So.2d 818 (Ala.Civ.App.1996), the Court of Civil Appeals applied the ore tenus rule to oral testimony heard by the trial court regarding service of process challenged pursuant to Rule 60(b)(4).”
Allsopp v. Bolding, 86 So.3d 952, 957-58 (Ala.2011).
The husband asserts that, in 2003, when the wife filed her complaint seeking a divorce and, in 2004, when the wife purported to serve him by publication, he was a nonresident of Alabama and that a trial court could not obtain personal jurisdiction over a nonresident defendant via service by publication. We agree.
In Braley v. Horton, 432 So.2d 463, 465 (Ala.1983), our supreme court recognized that Rule 4.3, Ala. R. Civ. P., authorizes service by publication only on resident defendants. In Shaddix v. Shaddix, 603 So.2d 1096 (Ala.Civ.App.1992), the Court of Civil Appeals addressed the prohibition *190 against service by publication on nonresident defendants, stating the following:
“It must here be admitted that reading and interpreting Rules 4.2 and 4.3, A[la]. R. Civ. P., in pari materia is a difficult venture. Moreover, it is not readily apparent from Braley[ v. Horton, 432 So.2d 463 (Ala.1983),] and other judicial attempts at construing these rules whether the injunction against service by publication applies where the plaintiff asserts simply that the defendant’s residence is unknown, but the defendant is, as a matter of fact, a nonresident. However, statements by our supreme court since Braley tend to indicate that service by publication is permissible only where a resident defendant has avoided service and cannot be located or where service is sought upon a corporation having one of its principal places of business within the state. See Wise v. Siegel, 527 So.2d 1281 (Ala.1988). Further, it would seem that the limits of constitutional due process militate against service by publication as a mechanism for acquiring personal jurisdiction over a nonresident defendant in an in personam proceeding. See Alabama Waterproofing Co. v. Hanby, 431 So.2d 141 (Ala.1983).”
Shaddix, 603 So.2d at 1098. Based on Braley and Shaddix, we agree with the husband that the trial court lacked personal jurisdiction over him at the time it entered the default judgment in 2004. That conclusion, however, does not resolve the issues before this court.
“A defense alleging a lack of personal jurisdiction because of insufficiency of service of process, however, can be waived if the defendant submits himself or herself to the jurisdiction of the trial court.” Klaeser v. Milton, 47 So.3d 817, 820 (Ala.Civ.App.2010) (citing Rule 12(h)(1), Ala. R. Civ. P.). In Klaeser, supra, a trial court entered a default judgment in favor of the father on February 29, 2008. Id. at 819. In May 2008 and in November 2008, the mother communicated with the trial court, notifying the court that she was in active military service and contesting the amount of child support awarded to the father in the default judgment. Id. After a hearing, the trial court denied the mother’s “contest” of the default judgment and denied her request for relief. Id. at 819-20.
The mother subsequently filed a motion, pursuant to Rule 60(b)(4), Ala. R. Civ. P., to vacate the default judgment, asserting, among other things, that the default judgment was void for lack of personal jurisdiction. Id. After the trial court denied that motion, the mother appealed. This court affirmed the denial of the mother’s Rule 60(b)(4) motion, recognizing that the mother had made a general appearance in the trial court after the entry of the default judgment and that she had failed to challenge personal jurisdiction at her earliest opportunity following the entry of the default judgment. Id. at 821. This court stated as follows:
“In Kingvision Pay-Per-View, Ltd, v. Ayers, 886 So.2d 45, 53 (Ala.2003), the Alabama Supreme Court quoted approvingly from Lonning v. Banning, 199 N.W.2d 60, 62 (Iowa 1972), for the proposition that:
“ ‘ “The rules which govern our consideration of this case are well established. The filing of a pleading is a general appearance. Rule 65(c), Rules of Civil Procedure. Jurisdiction of the person in a civil case may be acquired by service of notice in the manner and form prescribed by law, or by defendant’s general appearance. A general appearance is a waiver of notice and if a party appears in person or by attorney he submits himself to *191 the jurisdiction of the court. He may not thereafter avoid that jurisdiction by special appearance.” ’
“This statement is in accord with earlier Alabama cases that hold that a- defendant waives the defense of improper service of process if that defendant does not raise the issue in his or her first appearance following the entry of a default judgment. In Pridgen v. Head, 282 Ala. 193, 198, 210 So.2d 426, 430 (1968), the Alabama Supreme Court stated:
“ ‘In Aetna Ins. Co. v. Earnest, 215 Ala. 557, 112 So. 145 [(1927)], [the Alabama Supreme Court] quoted approvingly from 4 Corpus Juris, Appearances, § 64, p. 1364, as follows:
“ ‘ “Where a judgment has been rendered by the court without jurisdiction of the person, a general appearance after such judgment waives all objection to the jurisdiction of the court over the person. Thus a general appearance by defendant after final judgment waives any and all defects and irregularities in the service of process and return, just as fully as it does where such appearance is entered before final judgment.”
“ ‘In the Aetna Ins. Co. case, supra, [the Alabama Supreme Court] pointed out that in the same text (§ 65, p. 1365) many cases were cited to the proposition that: “As to the immediate parties to the action, a general appearance validates a judgment that was theretofore absolutely void for want of jurisdiction.” ’ ”
Klaeser, 47 So.3d at 821 (citations to Iowa cases omitted).
The Klaeser case is strikingly similar to the present one. In this case, the trial court entered a default judgment in 2004, and, in 2010, the husband filed a petition to modify that default judgment. In his modification petition, the husband sought to terminate the child-support obligation imposed on him by virtue of the 2004 default judgment; the husband did not challenge the sufficiency of service of process or the trial court’s lack of personal jurisdiction over him in 2004. At the time the husband filed his 2010 modification petition, he was represented by legal counsel. Nothing in the husband’s 2010 modification petition placed the trial court or the wife on notice that the husband intended to challenge the trial court’s exercise of personal jurisdiction over him, as did the father in Hubbard v. State ex rel. Hubbard, 625 So.2d 815 (Ala.Civ.App.1993), on which the husband relies. We, therefore, find the present case distinguishable from Hubbard, supra.
Because the husband failed to challenge the trial court’s jurisdiction over him in his first appearance following the entry of the 2004 default judgment, he is deemed to have made a general appearance and to have waived that defense. As a result, the trial court’s denial of his Rule 60(b)(4) motion, seeking to vacate the 2004 default judgment, as well as the 2011 judgment entered on the parties’ mediation agreement, is due to be affirmed. In light of our resolution of this issue, we pretermit consideration of the husband’s challenge to th'e trial court’s denial of his motion to strike the wife’s exhibits from evidence.

Denial of Motion To Vacate the December 2011 Judgment

Although on appeal the husband has not specifically addressed the trial court’s denial of his motion to vacate the trial court’s December 20, 2011, judgment, we must consider whether this court has jurisdiction to review that judgment. “ ‘[J]urisdictional matters are of such magnitude that we take notice of them at any *192 time and do so even ex mero motu.’ ” Singleton v. Graham, 716 So.2d 224, 225 (Ala.Civ.App.1998) (quoting Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997), quoting in turn Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). “ ‘ “[Subject-matter jurisdiction may not be waived; a court’s lack of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu.’”” M.B.L. v. G.G.L., 1 So.3d 1048, 1050 (Ala.Civ.App.2008) (quoting. S.B. U. v. D.G.B., 913 So.2d 452, 455 (Ala.Civ.App. 2005),. quoting in turn C.J.L. v. M.W.B., 868 So.2d 451, 453 (Ala.Civ.App.2003)).
On August 16, 2011, when the wife filed her request for pendente lite relief and sought an order compelling the husband to comply with paragraph 11 of the 2004 dh vorce judgment, no action remained pending before the trial court. The trial court had disposed of the husband’s modification petition and the wife’s counterclaim on August 5, 2011, by entering a judgment on their mediation agreement. Additionally, the wife raised new issues that had not previously been asserted before the trial court. The wife, however, paid no filing fee at the time she filed her request for pendente lite relief or her motion to compel.
Although the trial court purported to consider and rule upon those additional pleadings during 2011 and 2012, those pleadings were nullities because they purported to initiate a new contempt action that should have been assigned a “.02” suffix by the trial court’s clerk and that would have required the payment of a new filing fee. See M.M. v. B.L., 926 So.2d 1038, 1041-42 (Ala.Civ.App.2005) (dismissing father’s appeal taken from a judgment purportedly entered on grandparents’ adoption petition because the petition was not properly filed in the action pending at that time before the juvenile court, the petition was not served on the father as required by the Alabama Rules of Civil Procedure, and no filing fee was paid, which was required to initiate a new action; as a result, the juvenile court lacked subject-matter jurisdiction to grant the adoption petition); and Farmer v. Farmer, 842 So.2d 679, 681 (Ala.Civ.App.2002) (father’s appeal was dismissed for lack of jurisdiction because a custody-modification petition could not substitute for a post-judgment motion and father had failed to pay a filing fee and had failed to properly serve mother with his custody-modification petition, which were required since the custody-modification petition would have initiated a new action). Cf. T.B. v. T.A.P., 979 So.2d 80, 91 (Ala.Civ.App.2007) (Pittman, J., dissenting) (recognizing that motions seeking relief under Rule 60(b), Ala. R. Civ. P., are deemed filed in the previous action and do not initiate a new action); and Moore v. Moore, 849 So.2d 969, 970 (Ala.Civ.App.2002) (recognizing a distinction between Rule 60(b) motions and a modification petition, the latter of which requires the payment of a filing fee).
As a result of the nonpayment of the filing fee, the trial court acquired no subject-matter jurisdiction over the issues raised in the wife’s August and December 2011 filings. Therefore, the trial court’s December 20, 2011, judgment, which purported to grant the wife’s motion to compel, is void and of no effect; the trial court’s May 16, 2012, judgment, to the extent it denied the husband’s motion to vacate that December 20, 2011, judgment is likewise void and of no effect.[2] Because a void judgment will not support an appeal, we dismiss that portion of the hus *193 band’s appeal to the extent it seeks review of the denial of his motion to vacate the December 20, 2011, judgment, albeit with instructions to the trial court to vacate its December 20, 2011, judgment.
APPEAL DISMISSED IN PART WITH INSTRUCTIONS; AFFIRMED.
PITTMAN and BRYAN, JJ„ concur.
THOMPSON, P.J., concurs in part and dissents in part, with writing.
THOMAS, J., recuses herself.

. On February 22, 2011, the husband also filed a "Motion to Temporarily Set Aside Order of Child Support.” In that motion, the husband asserted that the parties’ child had reached the age of majority as of November 13, 2008, and that, as a result, his child-support obligation should be terminated.

. We express no opinion as'to the propriety of the trial court’s December 20, 2011, judgment, had the wife paid the necessary filing fee.