MOORE, Judge.
V.L. (“the mother”) appeals from a judgment of the Lawrence Circuit Court (“the circuit court”) declining to modify custody of her children, L.M.L. and M.L.L. (“the children”).

Procedural History

On October 23, 2009, T.T.L., the children’s former stepfather, filed in the Lawrence Juvenile Court (“the juvenile court”) separate petitions alleging that L.M.L. (case no. JU-09-152.01) and M.L.L. (case no. JU-09-153.01) were dependent and requesting custody of the children. In both petitions, he specifically alleged the following facts in support of his allegations that the children were dependent:
“The child’s mother has a history of alcohol and drug abuse. The child’s mother has maintained no steady employment. The child has resided in numerous locations while in the custody of her mother. The child’s mother has had numerous arrests and convictions. The *90 child’s mother withdrew herself from a rehabilitation] center in mid-May, 2009, after two (2) months of treatment, in a program which was designed to last for a period of eight (8) months. The Lawrence County DHR [Department of Human Resources] has investigated the home of the child’s mother, and she gave DHR legal permission to take custody of the said child, if they elected to do so. The child’s mother lives with a man to whom she is not married. The child’s mother has no driver’s license. The child’s mother has a history of domestic violence. The child’s mother maintains a lifestyle which is detrimental to the welfare of the said minor child.”
That same day, the juvenile court entered separate ex parte orders awarding T.T.L. pendente lite custody of the children. After a pendente lite hearing, the juvenile court entered separate orders on November 12, 2009, by agreement of the parties, continuing custody of the children with T.T.L. After a final hearing, the juvenile court entered judgments on May 27, 2010, awarding custody of the children to T.T.L. and awarding the mother standard visitation.[1] In those judgments, the juvenile court specifically stated, in pertinent part:
“It is hereby ORDERED, ADJUDGED AND DECREED as follows:
“The physical custody of the minor child shall remain with [T.T.L.]. The Court realizes the great strides the [mother] has made in recent months in gaining her independence by getting her own home, car, driver’s license, and two jobs. The Court commends the [mother] on this and realizes the amount of work and courage it has taken for her. However, the [mother’s] history with alcoholism is such that the short period of time wherein she has done these accomplishments is not sufficient for her to receive the physical custody of the children.
“The [mother] has twice left a treatment facility without finishing treatment. Although she testified she did complete the [intensive outpatient program], she has by her own testimony relapsed three times since then.
“During the children’s short lives they have lived with [relatives of the mother’s former boyfriend] for almost two years and have lived with [T.T.L.] for over a year. The [mother] has had her own home for two months. The DHR [Department of Human Resources] records reveal that she has lived with at least two boyfriends and one male acquaintance since the children were born. Ms. Arthur[, a friend of the mother’s,] testified that she lived with her for a period of time. She now works two jobs to save money, but this was after years of no employment and no stable lifestyle.
“The Court is aware that for the past month the [mother’s] Sunday visits have been unsupervised and without incident. She requested that if she is not allowed custody of her children that her visitation be expanded. [T.T.L.] stated that he would prefer more time with the visitation as is and then graduate into more. Approximately two (2) months have passed since the hearing. These months have been without incident. Therefore, the [mother] shall begin regular visitation pursuant to the Court’s Standard Visitation Schedule. The Court admonishes the parties to be flexible with this schedule to insure that the [children] are able to attend all activities, parties, etc. ... As no request for child support has been made, no Order *91 concerning same will be entered; however, the [mother] testified of her contributions to the [children] and the Court intends for her to provide clothing, school supplies and other things the [children] might need to assist [T.T.L.] and his wife.”
On August 12, 2011, the mother filed separate petitions requesting that the juvenile court vacate its orders entered in case no. JU-09-152.01 and case no. JU-09-153.01 due to lack of subject-matter jurisdiction; those petitions were assigned case no. JU-09-152.03 and ease no. JU-09-153.03, respectively. She also requested a modification of the previous custody judgments or a vacation of those judgments and that T.T.L. not be allowed to relocate with the children. T.T.L. responded to the mother’s petitions on September 6, 2011.
On September 23, 2011, the juvenile court entered an order, referencing both case no. JU-09-152.03 and case no. JU-09-153.03, in which it stated:
“Pursuant to [Ex parte T.C., 63 So.3d 627] (Ala.Civ.App.[2010]), this Court lacks subject-matter jurisdiction to hear this cause. It is therefore ORDERED, ADJUDGED AND DECREED as follows:
“These matters are transferred to the Circuit Court of Lawrence County, Alabama where they are to be given a DR designation with a filing fee for an original DR, not a DR modification. The Clerk is ORDERED to adjust the filing fee.”
The transferred actions were assigned case no. DR-11-213 in the circuit court. On January 12, 2012, the circuit court entered a judgment permitting T.T.L. to relocate with the children, denying the mother’s request for custody, and modifying the mother’s visitation. The circuit court specified that it had applied the custody-modification standard set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984), in making its determination.
On January 27, 2012, the mother filed a postjudgment motion; that motion was denied by operation of law on April 26, 2012. See Rule 59.1, Ala. R. Civ. P. On May 30, 2012, the mother filed her notice of appeal.

Discussion

On appeal, the mother argues that the juvenile court’s May 27, 2010, judgments were entered without subject-matter jurisdiction and were, therefore, void, and, thus, she asserts, the circuit court improperly applied the McLendon custody-modification standard to her petitions to modify custody. The mother specifically argues that, because the juvenile court did not explicitly find the children dependent in 2010, it lacked jurisdiction to make any custodial disposition of the children.
T.T.L.’s petitions alleged facts that, if proven, would support a finding of dependency. M.W.H. v. R.W., 100 So.3d 603, 607 (Ala.Civ.App.2012) (holding that the allegations in the initial dependency petition were sufficient to invoke the dependency jurisdiction of the juvenile court because “[t]he ... dependency petition specifically alleged that the child was dependent, and it also alleged specific facts that, if proven to be true, could show that the child was dependent”). Further, the specific findings in the juvenile court’s May 27, 2010, judgments indicate that the juvenile court made an implicit finding of dependency as to each child. See M.W.H., 100 So.3d at 607 (“ ‘[T]his court has held that when the evidence in the record supports a finding of dependency and when the trial court has made a disposition consistent with a finding of dependency, in the interest of judicial economy this court may hold that a finding of dependency is implicit in the trial court’s *92 judgment.’ ” (quoting J.P. v. S.S., 989 So.2d 591, 598 (Ala.Civ.App.2008))); and L.L.M. v. S.F., 919 So.2d 307, 311 (Ala.Civ.App.2005) (“Given the factual findings contained in the ... judgment, we conclude that a finding of dependency was implicit in the trial court’s judgment.”). The mother has not challenged the sufficiency of the evidence supporting implied findings of dependency, and, even if she did, such a challenge would not be timely. See M.W.H., 100 So.3d at 608 (“To the extent that the mother, in her brief on appeal, challenges the sufficiency of the evidence to support an implicit finding of dependency in the juvenile court’s ... judgment, we will not consider that argument because the time for making such an argument has long passed.”). Based on the foregoing, we conclude that the juvenile court implicitly found the children dependent and that it, therefore, had jurisdiction to enter its May 27, 2010, judgments.
The mother makes no additional arguments on appeal; however, “[a]s we are permitted to do, ... we have noticed, ex mero motu, a jurisdictional defect that requires us to dismiss this appeal.” P.D.S. v. Marshall Cnty. Dep’t of Human Res., 32 So.3d 1288, 1290 (Ala.Civ.App.2009). In J.W. v. C.B., 68 So.3d 878, 880 (Ala.Civ.App.2011), this court reasoned:
“Because the child in the present case had been previously adjudicated dependent by the juvenile court in July 2008, § 12-15-117(a) [, Ala.Code 1975,] afforded the juvenile court continuing jurisdiction over the child until the child attained the age of 21 or until the juvenile court terminated its jurisdiction over the case involving the child before the child’s attainment of the age of 21. The record demonstrates that, at the time the mother filed her custody-modification petition in June 2009, the child had not yet attained the age of 21 and the juvenile court had not terminated its jurisdiction over the case involving the child. Accordingly, we conclude that the juvenile court had continuing jurisdiction over the child, and, thus, it had continuing jurisdiction to consider the mother’s custody-modification petition. Therefore, we conclude that the juvenile court erred in determining that it did not have subject-matter jurisdiction over the mother’s custody-modification petition.”
Similarly, in the present case, because the juvenile court had implicitly adjudicated the children dependent in its May 27, 2010, judgments, “§ 12 — 15—117(a)[, Ala.Code 1975,] afforded the juvenile court continuing jurisdiction over the child[ren] until the child[ren] attained the age of 21 or until the juvenile court terminated its jurisdiction over the case[s] involving the child[ren] before the child[ren]’s attainment of the age of 21.” J.W., 68 So.3d at 880. In this case, the children had not attained the age of 21 and the juvenile court had not terminated its jurisdiction over the cases involving the children. Thus, just like in J.W., “the juvenile court erred in determining that it did not have subject-matter jurisdiction over the mother’s custody-modification petition[s].” Id. Because the juvenile court and not the circuit court had jurisdiction over the mother’s petitions for custody and objecting to the relocation of the children, the circuit court’s January 12, 2012, judgment, as well as any pendente lite orders entered by the circuit court, are void. A void judgment will not support an appeal. See, e.g., Hall v. Hall, 122 So.3d 185, 192 (Ala.Civ.App.2013). Thus, we dismiss this appeal, albeit with instructions to the circuit court to vacate its void judgment and orders. Id. All matters pertaining to the custody of the children should be heard by the juvenile court unless and until the *93 exceptions set forth in § 12-15-117(a), Ala. Code 1975, are met.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. In a September 24, 2010, order assessing guardian ad litem fees, the juvenile court specifically stated that the children had been declared dependent.