MOORE, Judge.
J.P., the father of L.G.P. (“the child”), appeals from a judgment of the Etowah Juvenile Court (“the juvenile court”) awarding the father custody of the child and awarding R.L.P. and J.D.P: (“the. paternal grandparents”) visitation with the child. The father argues that the juvenile court did not have the authority to award grandparent visitation..
Initially, we note that the father did not include a transcript of the trial in the underlying proceedings. The record before this court contains no objection to the award of visitation to thé paternal grandparents. Nevertheless, this court may address arguments raised for the first time on appeal that go to the subject-matter jurisdiction of the trial court. See Health Care Auth. for Baptist Health v. Davis, 158 So.3d 397, 402 (Ala.2013). Hence, we treat the issue before this court as being whether the juvenile court had subject-matter jurisdiction to award the paternal grandparents visitation with the child.
First, we conclude that the juvenile court had subject-matter jurisdiction over the case.. The record shows that, on August 3, 2012, the paternal grandparents filed a petition asserting that the child was dependent. With that petition, the paternal grandparents filed an affidavit of the father in which the fáther attested that the child’s mother had expressed her intention to abandon the child; that the whereabouts of the mother were unknown; that he, the father, was unable to provide'for the care of the child; and that he agreed that the paternal grandparents should have temporary custody of the child. A juvenile court has subject-matter jurisdiction over a petition alleging dependency. Ala.Code 1975, § 12-15-114(a).
 Second, we determine that the juvenile court found the child dependent. The juvenile court originally awarded the paternal grandparents temporary custody of the child on August 3, 2012, “until such time as the Complaint. and Petition can be heard by this Court.” The father argues that- the foregoing language establishes that the juvenile court entered only a pendente lite custody award without adjudicating the dependency of the child. Assuming that the father is correct, the *948 record shows that the juvenile court subsequently held a hearing on March 21, 2013, after which it entered a judgment on April 24, 2013, expressly finding that the father lacked the ability to care for the child, which, especially when coupled with a finding that the whereabouts of the mother remained unknown, equated to an implied finding of dependency. See V.L. v. T.T.L., 141 So.3d 88, 91-92 (Ala.Civ.App.2013) (summarizing law that juvenile court may make implicit finding of dependency). In that same judgment, the juvenile court provided that the “temporary custody” of the child shall remain with the paternal grandparents “until further [ojrders from this [c]ourt” and set the matter for further review to take place in,June 2013.- Despite the use,of the term “temporary custody,” and the express retention by the juvenile court of jurisdiction to review.the custody of the child, see C.L. v. D.H., 916 So.2d 622, 624-25 (Ala.Civ.App.2005) (“The setting of a case for a ‘review* approximately, four months later does not make the juvenile court’s May 28 judgment a pendente lite order”), that judgment constituted a final judgment, not a pendente lite order.
“A ‘temporary custody award’ or a ‘temporary order’ as to custody is a ‘final’ custody award or judgment. Despite its name, a temporary order as to custody is intended to remain effective until a party seeks to modify it. It may be modified if, the trial court reviews the case and determines that changed circumstances that warrant a modification have come into existence since the last custody award.... Such an award is not a pendente lite award.”
T.J.H. v. S.N.F., 960 So.2d 669, 672 (Ala.Civ.App.2006).
Third, the juvenile court retained subject-matter jurisdiction following its dependency adjudication and award of temporary custody to the paternal grandparents. See Ala.Code 1975, § 12-15-117(a) (“Once a child has been adjudicated dependent, delinquent, or in need of supervision, jurisdiction of the juvenile court shall terminate when the child becomes 21 years of age unless, prior thereto, the judge of the juvenile court terminates its jurisdiction by explicitly stating in a written order that it is terminating jurisdiction over the case involving the child.”). The juvenile court exercised its continuing jurisdiction by ordering the father to submit to a psychological evaluation, by establishing the father’s visitation rights with the child, and by holding a hearing on June 12, 2014, to consider modifying its prior custody determination. Based upon evidence adduced at that hearing, the juvenile court ultimately entered a judgment awarding custody of the child to the father on October 30, 2014. It is in that final judgment that the juvenile court also awarded the paternal’grandparents visitation with the child.
Fourth, we conclude that the juvenile court had subject-matter jurisdiction to award grandparent visitation. Section 30-3-4.1(c), Ala.Code 1975, provides: “Any grandparent may ... seek to obtain visitation rights in any action when any court in this state has before it any question concerning the custody of a minor child.... ” That statute grants to juvenile courts deciding custody disputes the authority to award a grandparent visitation with a minor child if it finds the award to be in the child’s best interests. See § 30-3-4.1(d). Our supreme court declared the former version of § 30-3-4.1 to be unconstitutional in Ex parte E.R.G., 73 So.3d 634 (Ala. 2011), but that holding does not apply to the current version of § 30-3-4.1. See Tripp v. Owens, 150 So.3d 208 (Ala.Civ.App.2014). In this case, the juvenile court awarded the paternal grandparents visitation with the child in the context of a *949 custody dispute between the paternal grandparents and the father, which was within its authority under § 30-3-4.1.
Finally, the father argues that, in awarding him custody, the juvenile court at least impliedly found the father to be fit and that it acted in violation of his substantive-due-process rights in awarding the paternal grandparents visitation with the child over the objections of a fit parent. See Ex parte E.R.G., supra. As noted, the record contains no objection of any kind, including any objection based on constitutional grounds, to the award of grandparent visitation. Thus, we cannot consider that argument, which, we conclude, does not affect the subject-matter jurisdiction of the juvenile court. See Ex parte Butler, 972 So.2d 821, 825 (Ala.2007) (“Subject-matter jurisdiction concerns a court’s power to adjudicate a case, not the merits of the court’s decision in the case.”); and Ex parte Third Generation, Inc., 855 So.2d 489, 490 (Ala.2003) (judgment is not void if it was entered in violation of substantive, as opposed to procedural, due process).
For the foregoing reasons, we conclude that the juvenile court had subject-matter jurisdiction to award the paternal grandparents visitation with the child, and,' thus, wé affirm the juvenile court’s judgment.
AFFIRMED.
THOMPSON, P. J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.